Opinion
 

 McINTYRE, J.
 

 Gloria Elizabeth Beal pled guilty to possession of methamphetamine for sale and possession of methamphetamine. The court suspended the imposition of sentence and placed Beal on three years’ probation,
 
 *86
 
 subject to various conditions, including that she abstain from the use of alcohol dining that period, She appeals, contending that the court erred in imposing alcohol abstention as a condition of probation. We disagree and affirm the judgment.
 

 Discussion
 

 Penal Code section 1203.1, subdivision (a) provides that the court may suspend the imposition or execution of a sentence and grant probation “upon those terms and conditions as it shall determine.” In granting probation, the trial court has broad discretion to impose conditions “to foster rehabilitation and to protect public safety.”
 
 (People
 
 v.
 
 Carbajal
 
 (1995) 10 Cal.4th 1114, 1120 [43 Cal.Rptr.2d 681, 899 P.2d 67].)
 

 The trial court’s discretion, although broad, is nonetheless subject to the limitation that conditions must be “reasonable." (Pen. Code, § 1203.1, subd. (j).) A condition is valid unless it “ ‘(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ....”’
 
 (People
 
 v.
 
 Lent
 
 (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], quoting
 
 People
 
 v.
 
 Dominguez
 
 (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].)
 

 A condition of probation that requires or forbids conduct that is not itself criminal is valid if the conduct is reasonably related to the underlying crime or to future criminality.
 
 (People
 
 v.
 
 Lent, supra,
 
 15 Cal.3d at p. 486.) Initially, we perceive that common sense supports the existence of a reasonable relationship between alcohol use and drug use. However, in reliance on
 
 People
 
 v.
 
 Kiddoo
 
 (1990) 225 Cal.App.3d 922 [275 Cal.Rptr. 298]
 
 (Kiddoo),
 
 overruled on other grounds in
 
 People
 
 v.
 
 Welch
 
 (1993) 5 Cal.4th 228, 236-237 [19 Cal.Rptr.2d 520, 851 P.2d 802], Beal argues that the alcohol condition is not reasonably related to the crimes of which she was convicted or to future criminality. In
 
 Kiddoo,
 
 the defendant pled guilty to possession of methamphetamine and was granted probation based on a similar alcohol-use condition. The Court of Appeal held that the condition was invalid because it was not related to the crime of possession or to future criminality.
 

 Although an argument can be made that
 
 Kiddoo
 
 is factually distinguishable from this case
 
 [1]
 
 (see
 
 People
 
 v.
 
 Lindsay
 
 (1992) 10 Cal.App.4th 1642,
 
 *87
 
 1644 [13 Cal.Rptr.2d 676]), we disagree with the fundamental assumptions in
 
 Kiddoo
 
 that alcohol and drug abuse are not reasonably related and that alcohol use is unrelated to future criminality where the defendant has a history of substance abuse.
 
 (Kiddoo, supra,
 
 225 Cal.App.3d at p. 927 [stating that there was nothing in the record indicating that alcohol was related to the possession conviction or that alcohol use was reasonably related to future criminal behavior].)
 

 Rather, empirical evidence shows that there is a nexus between drug use and alcohol consumption. It is well documented that the use of alcohol lessens self-control and thus may create a situation where the user has reduced ability to stay away from drugs. (See
 
 People
 
 v.
 
 Smith
 
 (1983) 145 Cal.App.3d 1032, 1034 [193 Cal.Rptr. 825], citing Pollack,
 
 Drug Use and Narcotic Addiction
 
 (1967) U. So. Cal. Inst. of Psychiatry and L. for the Judiciary, pp. 1-2, 4-5.) Presumably for this very reason, the vast majority of drug treatment programs, including the one Beal participates in as a condition of her probation, require abstinence from alcohol use. (Am. U. Sch. of Pub. Affairs, 1997 Drug Court Survey Report: Executive Summary, p. 49.)
 

 Based on the relationship between alcohol and drug use, we conclude that substance abuse is reasonably related to the underlying crime and that alcohol use may lead to future criminality where the defendant has a history of substance abuse and is convicted of a drug-related offense. Whether the trial court determines to impose such a condition is thus within its sound discretion and, if it does, the defendant must either submit to the condition or, if she considers the condition “more harsh than the sentence the court would otherwise impose, [exercise] the right to refuse probation and undergo the sentence.”
 
 (In re Bushman
 
 (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727], disapproved on other grounds in
 
 People
 
 v.
 
 Lent, supra,
 
 15 Cal.3d at p. 486.) That the use of alcohol is not otherwise illegal does not render the defendant’s decision to accept such a condition subject to challenge on appeal. (See
 
 People
 
 v.
 
 Bravo
 
 (1987) 43 Cal.3d 600 [238 Cal.Rptr. 282, 738 P.2d 336] [upholding defendant’s waiver of his Fourth Amendment rights as a condition of probation].)
 

 
 *88
 
 Disposition
 

 The judgment is affirmed.
 

 Kremer, P. J., and Nares, J., concurred.
 

 A petition for a rehearing was denied January 7, 1998, and appellant’s petition for review by the Supreme Court was denied April 1, 1998. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.
 

 [1]
 

 The court in
 
 Kiddoo
 
 indicated that the defendant, who was 33 years old, “had used marijuana, methamphetamine, amphetamine, cocaine and alcohol since he was 14, . . . [but]
 
 *87
 
 had ‘no prior problem,’ . . . was a social drinker, and [had] used methamphetamine sporadically.”
 
 (Kiddoo, supra,
 
 225 Cal.App.3d at p. 927.) In this case, Beal admitted that she “became involved” with methamphetamine at age 26, had smoked marijuana and cocaine in her late 20’s and experimented with LSD and that, at the time of her arrest, was selling methamphetamine to support her drug habit. Beal characterized herself as a social drinker, but did not consider alcohol use a problem, although she also told the probation officer that she suffered from “chemical dependency.”