Filed 12/30/13  P. v. Driscoll CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039552 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1239459) |
| v. | |
| LUCAS KENNETH DRISCOLL, | |
| Defendant and Appellant. | |

Defendant Lucas Kenneth Driscoll pleaded no contest to inflicting corporal injury on the mother of his child, in violation of Penal Code section 273.5, subdivision (a)[1].  The trial court suspended imposition of sentence and placed him on probation with conditions.  One of the conditions prohibited him from consuming alcohol and going to places where alcohol is the primary item of sale.  Another condition mandated that he complete an alcohol treatment program.  On appeal, defendant challenges these alcohol-related probation conditions.  We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 15, 2012, San Jose police officers responded to a disturbance call.  They found the victim with a three-inch laceration on her forehead and swelling to her face,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The factual background is based on the probation report.

lips, cheekbones, and nose. The victim told the officers that she was "in a dating relationship" with defendant and that they had a three-year-old child together. The victim reported that earlier that day she and defendant, who had been consuming alcohol, were at defendant's cousin's house, where they got into an argument. Defendant and the victim decided to leave the house to go to San Jose. They got into a vehicle and continued to argue. Defendant starting screaming profanities at the victim and hit her in the face 10 times with closed fists. When the victim attempted to defend herself, defendant threatened that he would "make the physical altercation worse." When they arrived at a friend's house in San Jose, the victim tried to get into the back seat of the vehicle to get away from defendant. Defendant threw a cell phone at the victim, hitting her in the forehead.

On August 22, 2012, the District Attorney filed a complaint charging defendant with infliction of corporal injury on the mother of his child (§ 273.5, subd. (a)). The complaint also alleged defendant had a prior conviction for robbery that qualified as a strike, for which he had served a prior prison term (§§ 667, subds. (b)-(i), 1170.12, & 667.5, subd. (b)).

On February 15, 2013, pursuant to a negotiated disposition, defendant pleaded no contest to violating section 273.5, subdivision (a). The strike and prior prison term allegations were dismissed.

The probation report described defendant's account of his drug and alcohol use as follows: "In regard to substance abuse, the defendant consumes alcohol 'once every couple of months' and admitted to experimenting with marijuana. He denied suffering from substance abuse issues and claimed he [last] consumed alcohol a couple weeks prior to the probation interview when he 'did shots' at his wife's baby shower." The report noted that defendant had previously violated parole by possessing marijuana and ammunition. The probation officer recommended drug and alcohol conditions based on

2

the fact that defendant had consumed alcohol on the day of the incident and defendant's parole violation for possession of marijuana.

Defendant objected to the drug and alcohol probation conditions, arguing that "there is no basis to believe that drugs or alcohol played any role in this case, or in anything else relevant to defendant's criminal background . . . ." At a hearing on March 29, 2013, the probation officer corrected a statement in the probation report. She indicated that the report stated that defendant was "under the influence [of alcohol]," which was "not what the police report stated." The probation officer then explained "there was mention of alcohol being consumed prior to the offense. So given our department's policies, we did add drug and alcohol conditions."

At the sentencing hearing on April 19, 2013, the trial court suspended imposition of sentence and placed defendant on probation for three years. The court also sustained several of defendant's objections to probation conditions, and it declined to impose the recommended drug-related probation conditions. However, it imposed the following alcohol-related probation conditions:

"The defendant shall not possess or consume alcohol [or knowingly] go to places where alcohol is the primary item of sale."

"The defendant shall enter and complete a[n] Alcohol treatment program as directed by the Probation Officer."

## DISCUSSION

Defendant contends the trial court erred by imposing alcohol-related probation conditions because (1) they have no meaningful relationship to the charged crime, (2) they relate to conduct which is not criminal, and (3) they require or forbid conduct that is not reasonably related to future criminality.

"We review conditions of probation for abuse of discretion. [Citations.] Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct

3

which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.] This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379-380.)

Defendant argues that the alcohol-related conditions have no relationship to the crime for which he was convicted. He contends that "[t]here is no indication in the record that [he] was under the influence of alcohol, that he had a drinking problem, or had ever abused drugs or alcohol." Defendant also argues that the challenged conditions are not reasonably related to preventing future criminality.

Defendant relies on *People v. Kiddoo* (1990) 225 Cal.App.3d 922 (*Kiddoo*) (disapproved on other grounds in *People v. Welch* (1993) 5 Cal.4th 228, 236-237), where a probation condition prohibited a narcotics offender from possessing or consuming alcohol or frequenting places where alcohol was sold. In *Kiddoo*, the probation report indicated that the defendant had used narcotics and alcohol in the past, but he "had 'no prior problem,' that he was a social drinker, and used methamphetamine sporadically." (*Id.* at p. 927.) The probation report also indicated that the defendant had two prior convictions, for unlawful taking or driving of a motor vehicle and for possession of marijuana. Both of these prior convictions had occurred more than 10 years before the offense at issue. The appellate court found that there was nothing in the record indicating that alcohol was related to the defendant's narcotic offense, and it found that the condition was not reasonably related to future criminality. (*Id.* at p. 927-928.) Thus, the court found the alcohol-related probation condition was invalid. (*Id.* at p. 928.)

Several cases have criticized *Kiddoo*. In *People v. Beal* (1997) 60 Cal.App.4th 84, 85-86 (*Beal*), the defendant, who had indicated a history of drug abuse but not alcohol

abuse, appealed from convictions for possession and possession for sale of methamphetamine. The defendant relied on *Kiddoo* to challenge a probation condition that prohibited her from using alcohol. (*Id.* at p. 86.) The court disagreed with "the fundamental assumptions in *Kiddoo* that alcohol and drug abuse are not reasonably related and that alcohol use is unrelated to future criminality where the defendant has a history of substance abuse." (*Id.* at p. 87, citing *Kiddoo, supra,* 225 Cal.App.3d at p. 927.) Rather, the court recognized "a nexus between drug use and alcohol consumption," and it concluded that "substance abuse is reasonably related to the underlying crime and that alcohol use may lead to future criminality where the defendant has a history of substance abuse and is convicted of a drug-related offense." (*Ibid.*)

In *People v. Balestra* (1999) 76 Cal.App.4th 57, the defendant pleaded guilty to elder abuse based on evidence that upon coming home one evening smelling of alcohol, she "terrorized" her mother for two hours. (*Id.* at p. 61.) As a condition of probation, the defendant was ordered to submit to drug and alcohol testing. On appeal, the defendant challenged that condition, relying on *Kiddoo.* The court upheld the condition, finding *Kiddoo* "simply inconsistent with a proper deference to a trial court's broad discretion in imposing terms of probation, particularly where those terms are intended to aid the probation officer in ensuring the probationer is complying with the fundamental probation condition, to obey all laws." (*Id.* at p. 69.)

Another case where the appellate court upheld an alcohol-related probation condition is *People v. Smith* (1983) 145 Cal.App.3d 1032 (*Smith*). There, the defendant was convicted of possessing PCP and was under its influence at the time of his arrest. The court held that he could properly be subjected to a no-alcohol condition despite the absence of any indication that he ever used alcohol. The court wrote that when someone uses alcohol, "[s]ensorial impairment is present, there is a lessening of internalized self-control, and euphoria, accompanied by a reduction of anxiety, is experienced. Alcoholic euphoria is accompanied by activity and aggressive behavior . . . . Drinking . . . , even

5

for the social, controlled drinker . . . , can lead to a temporary relaxation of judgment, discretion, and control . . . . [T]he physical effects of alcohol are not conducive to controlled behavior. [¶] . . . Given the nexus between drug use and alcohol consumption, we find no abuse of discretion in the imposition of the condition of probation relating to alcohol usage." (*Id*. at pp. 1034-1035.)

We agree with the cases that criticize *Kiddoo* and conclude that the trial court properly imposed the alcohol-related probation conditions here. In this case, defendant had been consuming alcohol before he started arguing with the victim. The argument escalated into a physical altercation that left the victim with several injuries to her face. Defendant's acts of screaming profanities at the victim, beating her with closed fists, threatening her, and throwing a cell phone at her head exhibited his lack of self-control and aggression. A reasonable inference was that defendant's alcohol consumption inhibited his self-control and affected his aggression. (See *Smith*, *supra*, 145 Cal.App.3d at pp. 1034-1035.) Thus, the trial court could reasonably conclude that defendant's alcohol consumption related to the present offense and that avoiding its use would help prevent defendant from future similar behavior. Moreover, defendant's indication that he had previously used marijuana and his parole violation for marijuana possession supports the imposition of the alcohol-related conditions, as there is a nexus between drug use and alcohol consumption. (See *id.* at p. 1035; *Beal, supra,* 60 Cal.App.4th at p. 87; *People v. Lindsay* (1992) 10 Cal.App.4th 1642, 1645.) Therefore, we conclude that the alcohol conditions reasonably related to the present offense and to preventing future criminality, and that the trial court did not abuse its discretion by imposing them.

**DISPOSITION**

The judgment is affirmed.

6

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MÁRQUEZ, J.

_____
GROVER, J.

7