Filed 6/18/14  P. v. Thomas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROY WILLIAM THOMAS, III,<br><br>    Defendant and Appellant. | D063928<br><br><br>(Super. Ct. No. SCD243795) |


APPEAL from an order of the Superior Court of San Diego County,

Albert T. Harutunian III, Judge.  Affirmed as modified.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Alastair J.

Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.


A jury convicted Roy William Thomas, III of making a criminal threat while using

a deadly weapon.  The trial court sentenced Thomas to a 270-day commitment to the

sheriff followed by three years of formal probation with three alcohol-related probation conditions. Thomas appeals, contending the court abused its discretion by imposing alcohol-related probation conditions. We agree.

### FACTUAL AND PROCEDURAL BACKGROUND

Thomas lived with Romeo Madrid. Thomas was in poor health, and Madrid acted as his caregiver. In October 2012, Madrid and Thomas got in an argument after Madrid did not respond to Thomas's questions. As the argument escalated, Thomas approached Madrid with a knife in each hand with the blades pointing down. While standing two or three feet away, Thomas told Madrid that he was the only friend he had contemplated hurting. Thomas further told Madrid that he had contemplated killing Madrid's sister. Thomas continued to threaten Madrid stating, "I'm going to kill you."

Madrid was able to talk Thomas out of hurting him. Thomas placed the knives down and ultimately left the condominium and went to his car. Madrid walked to his sister's condominium unit to call the police. The police arrived and arrested Thomas shortly thereafter inside his parked car.

The probation department submitted its sentencing report in May 2013. The report stated that Thomas has no criminal history apart from this offense. With respect to alcohol use, the report stated that Thomas stated that he consumed an unknown amount of alcohol daily for two weeks within the past year to ease his back pain, but he had not consumed alcohol at any other time. The report also stated that Thomas stated that he has not experimented with any controlled substances. Thomas has a college degree, was honorably discharged from the Navy, and owns his own dog training business.

2

The trial court held a sentencing hearing. The probation report recommended formal probation. The conditions recommended included that Thomas "not knowingly use or possess alcohol if directed by the [probation officer]," that Thomas "[a]ttend 'self-help' meetings" if directed, and that Thomas submit to "any chemical test of blood, breath, or urine to determine blood alcohol content." Thomas objected, requesting that the court strike these conditions. The court denied the request and imposed the challenged conditions, among others.

## DISCUSSION

Thomas argues that the trial court abused its discretion by refusing to strike the alcohol-related probation conditions in his probation order because the conditions are not related to the crime for which he was convicted, he has no history of alcohol or drug abuse, and alcohol did not play a role in the underlying offense. We agree.

A. *General Legal Principles*

Sentencing courts have broad discretion in imposing conditions of probation meant to protect the public and rehabilitate the defendant. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) We review the trial court's imposition of probation conditions for abuse of discretion. (*Id.* at p. 1121.) A probation condition is invalid if it (1) is not related to the crime of which the offender was convicted, (2) relates to noncriminal conduct, and (3) requires or forbids conduct which is not reasonably related to future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) All three parts of this reasonableness test must be satisfied before a reviewing court will invalidate a condition

3

of probation.  (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)  We will analyze *Lent* factors in order.

B. *Analysis*

Thomas's alcohol probation conditions are not related to the crime he was convicted.  He was not convicted of an alcohol- or drug-related offense.  There is no evidence that he was under the influence of alcohol or drugs before or during the commission of the crime.  Neither alcohol nor drugs were directly or indirectly related to this offense.  Additionally, the alcohol probation conditions prohibited noncriminal conduct as Thomas was above the legal alcohol drinking age of 21 at the time of the offense.

Thus, the analysis turns on whether the alcohol probation conditions are reasonably related to future criminality.  A condition of probation that does not relate to the convicted crime may still be valid if it is reasonably related to prevent future criminality.  (*People v. Olguin*, *supra*, 45 Cal.4th at p. 380.)  In order to relate to future criminality, the probation condition must have some "rational factual basis . . . that defendant may commit a particular type of crime in the future."  (*In re Martinez* (1978) 86 Cal.App.3d 577, 583.)

Where a defendant has a history of drug abuse and is convicted of a drug-related offense, alcohol use may lead to future criminality.  (*People v. Beal* (1997) 60 Cal.App.4th 84, 87.)  Courts have found a nexus between alcohol probation conditions and future criminalities where there has been an alcohol- or drug-related conviction, alcohol in the surrounding facts of a nonalcohol or drug-related crime, or a history of

4

drug or alcohol abuse. (*See People v. Moret* (2009) 180 Cal.App.4th 839, 842 [upholding alcohol probation condition when the defendant was an admitted drug user; *People v. Balestra* (1999) 76 Cal.App.4th 57, 61, 65-66, 68-69 [the court upheld an alcohol-related probation condition when defendant came home, smelling of alcohol, and abused her mother]; *People v. Beal*, *supra*, 60 Cal.App.4th at pp. 86-87 [the court found a nexus between alcohol use and future criminality because the defendant was convicted of methamphetamine for sale]; *People v. Lindsay* (1992) 10 Cal.App.4th 1642, 1644-1645 [the court found a nexus between alcohol use and future criminality because the defendant was convicted of selling cocaine and had a history of drug and alcohol abuse]; *People v. Smith* (1983) 145 Cal.App.3d 1032, 1034-1034 [the court found a nexus between alcohol use and future criminality because the defendant was convicted of possessing PCP].)

Here, Thomas has no history of alcohol or drug abuse. Neither alcohol nor drugs were involved in the facts surrounding Thomas's conviction. Unlike *Moret, Balestra, Beal, Lindsay,* and *Smith,* there is no nexus between the alcohol probation conditions and future criminality. Thomas has never been convicted of an alcohol- or drug-related crime and, other than the instant offense, he has no criminal history. Despite the Attorney General's and our dissenting colleague's argument that alcohol probation conditions are reasonable since Thomas suffers from "impulsive behavior," there is no factual basis here that alcohol had aggravated any impulsive behavior that would lead to future criminalities. The alcohol probation conditions do not have a "rational factual basis . . .

5

that defendant may commit [this] particular type of crime in the future."  (*In re Martinez*, *supra*, 86 Cal.App.3d at p. 583.)

There must be some factual basis for the trial court's exercise of discretion.  There is none.  Because all of the *Lent* factors are satisfied, the alcohol probation conditions are invalid.

## DISPOSITION

Probation conditions 8b, 8f, and 8h are stricken.  As so modified, the order granting probation is affirmed.

McINTYRE, J.

I CONCUR:

McDONALD, J.

HALLER, Acting P. J., Dissenting:

Unlike the majority, I am satisfied the trial court did not violate *People v. Lent* (1975) 15 Cal.3d 481 when it imposed the alcohol probation conditions at issue here.

Although it is not entirely clear exactly what precipitated appellant's anger, it is abundantly clear that on the night of the incident appellant's conduct quickly escalated from verbal accusations directed at the victim to appellant confronting his roommate with two eight-inch kitchen knives and threatening to kill him and his sister who lived next door. Following repeated threats, the victim was able to deescalate the situation. The appellant packed a bag with clothing and medications, told the victim there was no point living any longer, and left the apartment. The victim later reported appellant would frequently get mad "at anything"; "just gets mad about things" in general; and on the day of the incident ingested his medications after stating he had no reason to live.

After reviewing the facts of the case, investigating the defendant's background and interviewing the appellant, the probation officer opined appellant does not recognize the seriousness of his behavior and needs to address his impulsive behavior, mental health issues and lack of anger management skills. The probation officer recommended three years of formal probation, subject to various terms and conditions, including the alcohol conditions challenged here. Rather than recommending alcohol conditions "as directed" by the probation officer, the probation officer suggested the less onerous option of requiring compliance only "if directed" by the probation officer. The court agreed and imposed this option.

Taking into account the appellant's anger and impulse control issues and the probation officer's obligation to monitor a defendant on formal felony probation, the ability of a probation officer to impose alcohol conditions, if appellant's behavior warrants it, seems entirely consistent with efforts to rehabilitate a probationer, reform conduct and prevent future criminality. Accordingly, I find no error and would affirm.

HALLER, Acting P. J.