Filed 10/15/15  P. v. Fox CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUSANNE MARIE FOX,<br><br>    Defendant and Appellant. | H040823<br>(Monterey County<br>Super. Ct. No. SS132175) |

Defendant Lusanne Marie Fox pleaded no contest to one count of welfare fraud. (Welf. & Inst. Code, § 10980, subd. (c)(2).)  The trial court suspended imposition of sentence and granted a three-year term of probation with 110 days in county jail as a condition of probation.

Among other things, the court imposed a $300 restitution fine and a $300 probation revocation restitution fine under Penal Code sections 1202.4 and 1202.44.[1] The court also imposed probation conditions prohibiting defendant from using or possessing alcohol or controlled substances, and requiring her to submit to testing for alcohol and narcotics.

On appeal, defendant challenges the restitution fines on the basis that the minimum restitution fine was $200 at the time of the offense.  She contends imposition of

---

[1] Subsequent undesignated statutory references are to the Penal Code.

the fines violated the prohibition on ex post facto laws, or alternatively, that her trial counsel provided ineffective assistance for failing to object to them. Second, defendant contends the trial court abused its discretion by imposing the alcohol- and drug-related probation conditions because they lacked any nexus to the offense or her future criminality.

Consistent with our holding in *People v. Martinez* (2014) 226 Cal.App.4th 1169 (*Martinez*), we conclude trial counsel provided ineffective assistance by failing to object to the restitution fines. Furthermore, we conclude the trial court abused its discretion by imposing the alcohol-related probation conditions. However, we conclude the probation conditions concerning controlled substances were properly imposed.

Accordingly, we will reduce the restitution fines to $200 and strike the alcohol-related language from the probation conditions. We will affirm the judgment as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

When defendant applied for public assistance in the Fall of 2009, she failed to report that her husband was employed. In subsequent quarterly status reports completed in 2009 and 2010, she failed to disclose all income the household had received. Defendant also forged her husband's signature on the forms and reports. As a result of these misrepresentations, the Department of Social Services overpaid defendant $1,080 in food stamps and $2,037 in cash aid. The Department subsequently recovered $140 in food stamps, resulting in a total loss of $2,977.

In 2013, the prosecution charged defendant by complaint with three counts: Count One—Aid by misrepresentation on or between November 1, 2009 and January 31, 2010 (Welf. & Inst. § 10980, subd. (c)(2)); Count Two—Perjury on or about October 7, 2009 (§ 118, subd. (a)); and Count Three—Perjury on or about January 4, 2010 (*ibid.*).

---

[2] The factual narrative is based on the probation report.

2

Defendant agreed to plead no contest to Count One in exchange for a grant of probation and dismissal of the two remaining counts.

At the plea hearing, the trial court advised defendant: "There is a *minimum* restitution fine of $300, maximum fine of $10,000." (Italics added.)

At sentencing, the trial court suspended imposition of sentence and granted a three-year term of probation with 110 days in county jail. With respect to fines, the court imposed a victim restitution fine of $2,977 and a $300 restitution fine under section 1202.4, subdivision (b). The court also imposed a $300 probation revocation restitution fine under section 1202.44, but suspended this fine pending successful completion of probation. Defendant lodged no objections to these fines.

Over defendant's objection, the court then imposed the following probation conditions: "Do not knowingly use or possess any alcohol, intoxicants or other controlled substances without the prescription of a physician. Do not traffic in or associate with persons known to you to use or traffic in controlled substances. Submit to and complete any field sobriety testing or alcohol or narcotics testing of your blood, breath or urine, at the request of any probation officer or peace officer." Defendant objected to these conditions as lacking any nexus to the offense and lacking any relation to her present or future criminality.

## II. DISCUSSION

### A. *Imposition of Restitution Fines*

Defendant contends that imposition of the $300 restitution fines under sections 1202.4 and 1202.44 violated the prohibition against ex post facto laws because the minimum amount of the fines was $200 at the time of the offense. Alternatively, she contends her trial counsel provided ineffective assistance by failing to object. The Attorney General contends defendant forfeited any ex post facto claim by failing to object, and that the trial court had discretion to impose fines greater than the minimum amount. The Attorney General contends further that trial counsel was not ineffective

3

because counsel may have decided not to object because defendant could afford the fines. We agree with the Attorney General that defendant forfeited her claim by failing to object, but we conclude trial counsel thereby provided ineffective assistance.

1. *Legal Principles*

Subdivision (b) of section 1202.4 (section 1202.4(b)) requires the trial court to impose a separate restitution fine in addition to any victim restitution fines. If the court grants probation, section 1202.44 requires the court to impose an additional probation revocation restitution fine in the same amount as the restitution fine imposed under section 1202.4(b). The version of section 1202.4(b) in effect at the time of the offense provided for the amount of the fines as follows: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ." (Former § 1202.4, subd. (b)(1), Stats. 2008, ch. 468 § 1; Stats. 2009, ch. 454, § 1.) The Legislature later raised the minimum amount to $300 effective January 1, 2013. (Stats. 2011, ch. 358, § 1.)

"The prohibition against ex post facto laws applies to restitution fines. [Citations.] Nevertheless, the rule of forfeiture is applicable to ex post facto claims [citations], particularly where any error could easily have been corrected if the issue had been raised at the sentencing hearing." (*Martinez*, *supra*, 226 Cal.App.4th at p. 1189.)

"To prevail on an ineffective assistance of counsel claim, appellant must prove two elements: (1) trial counsel's deficient performance and (2) prejudice as a result of that performance. [Citation.] Deficient performance is established if the record demonstrates that counsel's representation 'fell below an objective standard of reasonableness under the prevailing norms of practice.' [Citation.]" (*Martinez*, *supra*, 226 Cal.App.4th at pp. 1189-1190.) "Normally, 'the failure to object is a matter of trial tactics that an appellate court will seldom second-guess [citation] . . . .' [Citation.] However, an exception exists where 'there simply could be no satisfactory explanation'

4

for counsel's failure to object. [Citation.] Furthermore, with respect to unfavorable sentencing issues, 'a defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent. [Citations.]' " (*Id.* at p. 1190.) " 'Finally, prejudice must be affirmatively proved; the record must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ' " (*People v. Bolin* (1998) 18 Cal.4th 297, 333.)

2. *Trial Counsel Provided Ineffective Assistance by Failing to Object to the Restitution Fine*

The parties agree that the version of section 1202.4 in effect at the time of the offense provided for a minimum restitution fine of $200. Under the plain language of the statute, the trial court had discretion to impose a greater fine "commensurate with the seriousness of the offense . . . ." (§ 1202.4, subd. (b).) But the record is clear that the court incorrectly believed the minimum amount of the fine was $300, because the court so advised the defendant: "There is a *minimum* restitution fine of $300, maximum fine of $10,000." (Italics added.) Regardless of whether this constituted an ex post facto violation, defendant failed to object to the amount of the fine. Accordingly, defendant forfeited his ex post facto claim. (*Martinez*, *supra*, 226 Cal.App.4th at p. 1189.)

As to the claim for ineffective assistance of counsel, we conclude trial counsel's failure to object constituted deficient performance. The analysis here is indistinguishable from that in *Martinez*. The standards of reasonable representation required counsel to lodge an objection. (*Martinez*, *supra*, 226 Cal.App.4th at p. 1190.) And, as in *Martinez*, "[w]e cannot conceive of any tactical reason for counsel's failure to object." (*Ibid.*) Furthermore, we conclude defendant was prejudiced by the failure to object. Because it is apparent the trial court intended to impose the minimum fines, it is reasonably probable the court would have reduced the fines to $200 if counsel had informed the court of the correct minimum amount.

5

The Attorney General argues that trial counsel likely did not object because defendant could afford the fine. But a defense attorney has no duty to compromise his or her advocacy based on the client's financial resources. Furthermore, the record does not establish that defendant could afford the fines. According to the probation report, defendant's employment consisted of working "a few hours a week as a 'mystery shopper' " and her financial situation was "unstable." She suffered from major depression and PTSD as the result of losing her 9-month-old child to sudden infant death syndrome. She and her husband were "contemplating separation," and the couple had a 5-year-old daughter.

We conclude trial counsel provided deficient performance by failing to object, and that it is reasonably probable the court would have imposed the minimum fine if an objection had been made. Accordingly, defendant has established a claim for ineffective assistance of counsel, and we will reduce the fines from $300 to $200.

B. *Imposition of Alcohol- and Drug-Related Probation Conditions*

Defendant contends the trial court abused its discretion by imposing probation conditions prohibiting her from using or possessing alcohol or drugs, and requiring her to submit to testing for them. Defendant argues the conditions lack any nexus to the offense and are unrelated to her future criminality. The Attorney General contends the conditions were reasonably related to the offense and her future criminality. We agree with defendant as to the alcohol-related conditions, but we conclude the conditions concerning controlled substances did not constitute an abuse of discretion.

1. *Legal Principles*

"The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct

6

which is not reasonably related to future criminality . . . .' " [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)

2. *Imposition of Alcohol-Related Probation Conditions Was an Abuse of Discretion*

Defendant pleaded guilty to welfare fraud. The record holds no evidence showing that drugs or alcohol were related to the offense. According to the probation report, defendant stated that she had first used alcohol at the age of 20, and she had last consumed alcohol on Christmas 2013, two months before her probation interview. Defendant, 38 years old at the time of the interview, characterized herself as a "social drinker." She had casually experimented with marijuana when she was 20 or 21, and she had tested positive for marijuana during her pregnancy. She had never received any treatment for drugs or alcohol with the exception of courses required by Child Protective Services.

On this record, we find no relationship between the offense and defendant's alcohol use. The Attorney General argues that "it is not unreasonable to assume that alcohol played some part in [defendant's] behavior," but we see no support for this assumption in the record. Nor is there any evidence that the use of alcohol has caused defendant to experience behavioral problems or that it has contributed to her criminal conduct on any other occasion. While the use of alcohol may contribute to poor judgment generally, this proposition is too loosely related to the prospect of future criminality to support imposition of these probation conditions. A contrary conclusion would justify imposition of an alcohol-related probation condition in *any* criminal case. Finally, consumption of alcohol by an adult of legal age is "not in itself criminal." (*Lent*, *supra*, 15 Cal.3d at p. 486.) Accordingly, under the *Lent* factors, we conclude that imposition of the alcohol-related probation conditions was an abuse of discretion.

7

Our analysis is in accord with those of other courts regarding probation conditions prohibiting the use of alcohol. In *People v. Kiddoo* (1990) 225 Cal.App.3d 922 (*Kiddoo*) (disapproved on other grounds by *People v. Welch* (1993) 5 Cal.4th 228), the defendant pleaded guilty to possession of methamphetamine. Defendant was a "social drinker" who had used numerous illegal drugs, but nothing in the record showed that consumption of alcohol was related to the offense. The Fourth District Court of Appeal concluded that a probation condition prohibiting the use of alcohol was unrelated to future criminality and the Court struck the condition. By contrast, in *People v. Lindsay* (1992) 10 Cal.App.4th 1642, the First District Court of Appeal approved a probation condition prohibiting alcohol use for a defendant convicted of cocaine distribution. The Court distinguished *Kiddoo* on the ground that Lindsay had suffered from alcohol addiction for five years, and Kiddoo's addictive personality had contributed to his cocaine use. Similarly, in *People v. Beal* (1997) 60 Cal.App.4th 84, the Fourth District Court of Appeal approved a prohibition on alcohol use because Beal had been convicted of drug use. The Court reasoned that there is generally a nexus between alcohol and drug use.

Defendant here was convicted of welfare fraud, not an alcohol- or drug-related offense, and there is no evidence that defendant has any addiction to alcohol or drugs. Defendant's use of alcohol has no relation to the current offense or her future criminality. Accordingly, we will strike those portions of the probation conditions concerning alcohol use.

As to the portions of the probation conditions concerning the use or possession of controlled substances, the *Lent* factors allow for imposition of probation conditions prohibiting conduct that is in itself illegal. (*Lent*, *supra*, 15 Cal.3d at p. 486.) The possession of controlled substances without a doctor's prescription is illegal. (See, e.g., Health & Saf. Code, § 11550.) The probation condition prohibiting their use or possession was therefore appropriately imposed, as was the condition requiring testing for narcotics. (See *People v. Balestra* (1999) 76 Cal.App.4th 57, 68.)

### III. DISPOSITION

The restitution fine imposed under Penal Code section 1202.4 and the probation revocation restitution fine imposed under Penal Code section 1202.44 are reduced from $300 to $200. The probation conditions concerning the use of and testing for alcohol and controlled substances (conditions 8 and 9 in the probation report) are modified as follows: "Do not knowingly use or possess any controlled substances without the prescription of a physician. Do not traffic in or associate with persons known to you to use or traffic in controlled substances. Submit to and complete any narcotics testing of your blood, breath or urine, at the request of any probation officer or peace officer." As modified, the judgment is affirmed.

_____
MÁRQUEZ, J.

We concur:

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

_____
MIHARA, J.

People v. Fox
H040823