Filed 2/27/17

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D069858 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS281872 ) |
| FELIPE MALAGO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Theodore M. Cropley and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

Felipe Malago appeals certain mandatory supervision conditions related to alcohol consumption, alcohol testing, alcohol treatment, and substance abuse treatment.  To this end, Malago contends the superior court abused its discretion when it did not rule on his

objections to these conditions, but instead, deferred any rulings to the mandatory supervision judge. He also argues that the conditions are unreasonable and invalid because they are unrelated to Malago's current offense or future criminality.

We agree that the superior court erred in failing to rule on Malago's objections to the mandatory supervision conditions. However, we conclude that Malago suffered no prejudice as the conditions are reasonable and valid. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2016, Malago pled guilty to one count of importing a controlled substance (Health & Saf. Code, § 11352, subd. (a)). On February 18, 2016, the superior court sentenced Malago to a five-year split sentence composed of 30 months in county jail and 30 months of mandatory supervision. As part of the terms of mandatory supervision, the court ordered Malago: Not to knowingly use or possess alcohol if directed by the probation officer (condition 5b); to attend self-help meetings if directed by the probation officer (condition 5c); to submit to any chemical test of blood, breath, or urine to determine blood alcohol content (condition 5f); to surrender his driver's license to the court for forwarding to the DMV (condition 5g); not to drive a motor vehicle unless licensed and insured (condition 5i); to participate in, comply with, and bear all costs associated with a continuous alcohol monitoring device if directed by probation (condition 5j); and to complete a program of residential drug treatment and aftercare if directed by probation officer (condition 6a).[1]

---

[1]    In the respondent's brief, the People stated that Malago challenged condition 6c below. However, Malago's counsel clearly stated that she believed 6c was appropriate,

2

Malago's counsel objected to all the alcohol related conditions (referring to them as "Condition 5"), and condition 6a, contending there was no nexus between the conditions and the crime. The court noted the objections but did not rule on them, deferring any ruling on the objections to the "mandatory supervision judge." The challenged conditions were imposed in the order granting mandatory supervision.

Malago timely appealed.

## DISCUSSION

As a threshold matter, the People insist that Malago has forfeited his challenge to the mandatory supervision conditions in the instant matter. Although they acknowledge that Malago objected to these conditions below, the People claim that Malago forfeited the issue because he did not secure a ruling from the superior court on the objections. (See *People v. Rowland* (1992) 4 Cal.4th 238, 259 ["In other words, when, as here, the defendant does not secure a ruling, he does not preserve the point. That is the rule."].) Although we do not view the People's forfeiture argument as particularly persuasive on the record before us, we decline to address that contention and instead exercise our discretion to address the issues raised here on the merits. (*People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6.)

At Malago's sentencing hearing, Malago's counsel objected to several of the proposed conditions for Malago's mandatory supervision. Specifically, arguing no nexus between the condition and the crime, counsel objected to conditions 5b, 5c, 5f, 5g, 5i, 5j,

---

but challenged 6a. On appeal, Malago does not challenge condition 6c, but instead, challenges 6a. We therefore assume the People made a typographical error and intended to discuss condition 6a.

3

and 6a.[2] The court responded that it was its "policy" not to rule on the objections, but instead, to note the objections and allow the mandatory supervision judge to rule on the objections at some point in the future. The court explained that it had "no idea what the[] goals are going to be" to keep Malago "in line" during his mandatory supervision. Despite not ruling on Malago's objections, the court's order granting mandatory supervision imposed conditions 5b, 5c, 5f, 5g, 5i, 5j, and 6a.

We review a superior court's ruling regarding mandatory supervision and its terms and conditions under an abuse of discretion standard. (*People v. Martinez* (2014) 226 Cal.App.4th 759, 764 (*Martinez*).) Here, Malago argues the superior court abused its discretion by failing to rule on the objections. Alternatively stated, Malago asserts the court failed to exercise the discretion vested in it by law. (*People v. Penoli* (1996) 46 Cal.App.4th 298, 302.) In response, the People claim the court did not delegate its responsibilities, but merely left "these important decisions for a future judge who would oversee [Malago] and be in a better position to make determinations regarding the conditions [Malago] would need." Malago has the better argument.

The sentencing court has broad statutory discretion in deciding whether to grant supervised release and any accompanying conditions. (*Martinez*, *supra*, 226 Cal.App.4th at p. 764.) Here, the court exercised its discretion in granting supervised release to Malago and imposing certain conditions. However, the court refused to rule on Malago's

2    Below, Malago objected in general to the alcohol related conditions by arguing, "Condition 5 should not be imposed." Malago did not address any specific alcohol conditions during his sentencing hearing. The court imposed six of the alcohol conditions (5b, 5c, 5f, 5g, 5i, & 5j). On appeal, Malago does not address conditions 5g and 5i. Thus, we consider any objection to those two conditions waived.

objections to those conditions, noting the objections but delegating a ruling on them to the future mandatory supervision judge. In fact, the court indicated that this was his "policy." The court's policy represents not a case specific application of sentencing discretion, but a preconceived determination applicable to all cases in which a defendant objects to mandatory supervision conditions. Observance of this practice constituted an erroneous failure to exercise the discretion vested in the court by law. (See *People v. Jasper* (1983) 33 Cal.3d 931, 935; *People v. Penoli*, *supra*, 46 Cal.App.4th at p. 303.)

Despite our conclusion that the superior court erroneously failed to use its discretion to rule on Malago's objections, we need not reverse the order unless we find prejudice. On the record before us, we do not.

"[T]he Legislature has decided a county jail commitment followed by mandatory supervision imposed under [Penal Code] section 1170, subdivision (h), is akin to a state prison commitment; it is not a grant of probation or a conditional sentence." (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422.) Therefore, "mandatory supervision is more similar to parole than probation." (*Id*. at p. 1423.) Courts analyze the validity of the terms of supervised release under standards "parallel to those applied to terms of parole." (*Martinez*, *supra*, 226 Cal.App.4th at p. 763.)

"The fundamental goals of parole are to help ' "individuals reintegrate into society as constructive individuals" [citation], "to end criminal careers through the rehabilitation of those convicted of crime" [citation] and to [help them] become self-supporting.' " (*Martinez*, *supra*, 226 Cal.App.4th at p. 763.) To further these goals, "[t]he state may impose any condition reasonably related to parole supervision." (*In re Stevens* (2004)

5

119 Cal.App.4th 1228, 1233.) These conditions "must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee." (*Id.* at p. 1234.)

"The validity and reasonableness of parole conditions is analyzed under the same standard as that developed for probation conditions." (*Martinez*, *supra*, 226 Cal.App.4th at p. 764.)

"A condition of [parole] will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of [parole] which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted.)

"In general, the courts are given broad discretion in fashioning terms of supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety." (*Martinez*, *supra*, 226 Cal.App.4th at p. 764.) Thus, imposition of mandatory supervision conditions is reviewed for abuse of discretion. (*Ibid.*) A superior court abuses its discretion when the condition "is arbitrary, capricious or exceeds the bounds of reason under the circumstances." (*Ibid.*)

As an initial matter, we observe the superior court declined to rule on Malago's objections to the conditions, but imposed the conditions nonetheless. Thus, under the case law discussed above, we analyze whether the conditions imposed were valid,

6

treating the court's failure to rule on the objections as an implicit rejection of those objections.

Here, Malago insists none of the challenged conditions is related to the crime for which he was committed. To this end, he observes he was convicted of transportation, not possession or being under the influence of any type of controlled substance. As such, Malago contends the required nexus between his crime and the conditions does not exist. We agree with Malago that conditions 5b, 5c, 5f, 5j, and 6a are not directly related to Malago's offense here because there is no indication in the record that Malago was drunk or high at the time he was transporting controlled substances. However, we find the conditions are valid because they are reasonably related to future criminality. (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65 (*Balestra*).)

According to the probation report, a juvenile court made a true finding that Malago attempted to steal a vehicle in 2000 (Pen. Code, § 664; Veh. Code, § 10851, subd. (a)) and that he was a disruptive presence on school grounds in 2001 (Pen. Code, § 626.8, subd. (a)(2)). When Malago was placed on probation as a juvenile, he failed to successfully complete the terms of his probation. As an adult, Malago admitted possessing a controlled substance for sale in 2009 (Health & Saf. Code, § 11378). In 2015, Malago was arrested after mailing packages containing controlled substances and passing through the Otay Mesa port of entry with controlled substances in his vehicle.

In his probation report interview, Malago admitted he drinks six 12-ounce beers twice per week, and that he began drinking when he was 15. He has experimented with marijuana and cocaine in the past, and admitted using cocaine as recently as five years

7

ago. There is no indication in the record that Malago has ever previously received drug or alcohol treatment.

As part of the terms of mandatory supervision, the court ordered Malago: Not to knowingly use or possess alcohol if directed by the probation officer (condition 5b); to attend self-help meetings if directed by the probation officer (condition 5c); to submit to any chemical test of blood, breath, or urine to determine blood alcohol content (condition 5f); to participate in, comply with, and bear all costs associated with a continuous alcohol monitoring device if directed by probation (condition 5j); and to complete a program of residential drug treatment and aftercare if directed by probation officer (condition 6a).

Based on Malago's past use of cocaine, marijuana, and alcohol coupled with his inability to successfully complete probation, the superior court could have reasonably concluded that Malago's sobriety and participation in substance abuse treatment (condition 6a) and self-help meetings (condition 5c) were critical to his rehabilitation and successful completion of mandatory supervision. As there is no indication in the record that Malago ever participated in drug or alcohol treatment, a court could reasonably conclude there exists the possibility that he does not appreciate the dangers of drug or alcohol use or abuse.

Likewise, we determine the conditions dealing with alcohol consumption and possession (condition 5b), chemical testing (condition 5f), and alcohol monitoring (5j) to be valid as well. Malago admitted to drinking six 12-ounce beers on a biweekly basis. "[E]mprical evidence shows that there is a nexus between drug use and alcohol

8

consumption. It is well documented that the use of alcohol lessens self-control and thus may create a situation where the user has reduced ability to stay away from drugs." (*People v. Beal* (1997) 60 Cal.App.4th 84, 87 (*Beal*).) Therefore, it would be reasonable to determine Malago's ability to avoid possessing, selling, and using drugs would be increased if he avoids alcohol. In other words, considering Malago's criminal activity and past use of drugs and current use of alcohol, a court could reasonably determine that it would be best for Malago to avoid alcohol altogether. Accordingly, alcohol consumption, chemical testing, and continuous alcohol monitoring conditions are reasonably related to future criminality.

Nevertheless, Malago urges this court to follow *People v. Kiddoo* (1990) 225 Cal.App.3d 922 (*Kiddoo*) and find the challenged conditions invalid. In *Kiddoo*, Division Two of this district reviewed a condition forbidding a narcotics offender from possessing or consuming alcoholic beverages or frequenting those places where the sale of alcohol was the primary business. Despite a probation report indicating that the defendant had used illegal drugs and alcohol since he was 14 and was a current social drinker who sporadically used methamphetamine, the appellate court determined the no alcohol condition was not "reasonably related to future criminal behavior" and struck the condition. (*Id*. at p. 928.)

This court has rejected the reasoning found persuasive by Division Two in *Kiddoo*, *supra,* 225 Cal.App.3d 922, and explicitly declined to follow that case. (See *Balestra*, *supra*, 76 Cal.App.4th at p. 69 ["*Kiddoo* . . . is simply inconsistent with a proper deference to a trial court's broad discretion in imposing terms of probation, particularly

9

where those terms are intended to aid the probation officer in ensuring the probationer is complying with the fundamental probation condition, to obey all laws."]; *Beal*, *supra*, 60 Cal.App.4th at p. 87 ["[W]e disagree with the fundamental assumptions in *Kiddoo* that alcohol and drug abuse are not reasonably related and that alcohol use is unrelated to future criminality where the defendant has history of substance abuse."].) We thus again decline to follow *Kiddoo*, and instead, find *Balestra* and *Beal* instructive. Here, Malago has a history of drug related crimes. He admitted to using marijuana and cocaine in the past. He divulged he regularly drinks alcohol. Against this backdrop, we do not believe the court abused its discretion in imposing the challenged conditions.

DISPOSITION

The order is affirmed.

_____

HUFFMAN, Acting P. J.

WE CONCUR:


_____

HALLER, J.


_____

AARON, J.

10