Filed 4/14/25  P. v. Alvarez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS ALVAREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B333729<br>(Super. Ct. No. 2020025628)<br>(Ventura County) |

Jesus Alvarez was convicted by jury of possession of a firearm in violation of probation (Pen. Code, § 29815, subd. (a)).[1] The trial court suspended imposition of sentence and granted probation.  Appellant contends the alcohol and marijuana-related conditions of probation are invalid pursuant to *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*),[2] and unconstitutionally overbroad.

---

[1] All further statutory references are to the Penal Code.

[2] Superseded by statute on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398 (*Moran*).

Alternatively, he contends he received ineffective assistance of counsel.  We affirm.

*Procedural Background*

In September 2020, appellant was charged with possession of a firearm in violation of probation.  He was convicted by jury of the offense in August 2023.  Thereafter, the trial court suspended imposition of sentence, granted probation, and ordered appellant serve 240 days in county jail.

At the sentencing hearing, defense counsel objected to some of the terms of probation, stating: "[A]nd I would ask that marijuana and alcohol terms please be stricken . . . ."

The trial court denied the request, stating: "I'm including the marijuana terms.  By your own account you believe you are in need of some drug treatment or rehabilitation.  I don't dispute that at all.  The reason I'm imposing jail as opposed to rehabilitation, I don't believe this particular offense was related to drugs.  Certainly that doesn't mean that I'm discouraging you from engaging in that type of treatment or rehabilitation. I'm sure you would benefit from that.  [¶]  I'm including the marijuana terms under the rationale that was described in [*People v. Stewart* (2021) 62 Cal.App.5th 1065, review granted and cause transferred April 20, 2022, S268787] that if there's an understanding that there's an underlying drug problem, you know, any sort of mind-altering substance that's not prescribed to you I think we need to keep out of the equation so you can focus on that sobriety, get where you need to be.  [¶]  I think it would benefit you in that regard in terms of getting to a place where you can remain sober with the understanding marijuana is treated much like alcohol in this day and age if you are over 21 . . . . [¶]  If you are going to participate in some sort of evidence-based

2

treatment, substance abuse counseling, sober living, or residential substance abuse treatment, not allowed to use or possess any controlled substances including marijuana."

The trial court further noted: "You would have to consent to a test of bodily fluids for the presence of controlled substances at any time by a peace officer or probation officer, not alter or adulterate any bodily fluids submitted for testing, not knowingly associate with someone who is using or trafficking in controlled substances, not use or possess alcohol or be anywhere where alcohol is the chief item of sale. [¶] Again, with the idea that to the extent that you acknowledged that sobriety would benefit you, I think that helps benefit your pathway to sobriety. Submit to test of your blood, breath, or urine when requested by peace officer or probation officer for alcohol."

After listing these terms, the trial court asked appellant, "So with all of that understanding, are you willing to accept probation on those terms?" Appellant replied, "Yes."

*Discussion*

A sentencing court has "broad discretion" to fashion appropriate conditions of probation that facilitate rehabilitation and foster public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) Generally, a condition of probation will be upheld as reasonable unless it "'"(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . ." . . .'" (*People v. Olguin* (2008) 45 Cal.4th 375, 379, quoting *Lent*, *supra*, 15 Cal.3d at p.486.) "The *Lent* test 'is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.'" (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.)

We review the conditions imposed for abuse of discretion. (*Moran, supra,* 1 Cal.5th at p. 403.)

Appellant contends the alcohol and marijuana-related probation conditions are invalid because there was no evidence that his crime was drug and alcohol related, he never reported marijuana use and only admitted to drinking one beer two or three times a year. For support, he relies on *People v. Cruz* (2020) 54 Cal.App.5th 707 (*Cruz*), which held that marijuana-related probation conditions were not reasonably related to preventing the defendant's future criminality and were therefore, invalid.

But *Cruz* is distinguishable because unlike appellant, Cruz had never been accused or convicted of a drug-related offense and did not currently suffer from a substance abuse problem. (See *Cruz, supra,* 54 Cal.App.5th at p. 712.)

Appellant, on the other hand, has a history of substance abuse, including while on probation. He also has a history of drug-related offenses, including possession of a controlled substance and of drug paraphernalia. According to the probation report, appellant began using methamphetamine at age 18 and last smoked methamphetamine in April 2023. As the trial court stated in imposing the alcohol and marijuana-related conditions, appellant "by [his] own account," believed he was in "need of some drug treatment or rehabilitation."

Appellate courts have recognized an empirical connection between alcohol and drugs in upholding similar probation conditions. (See *People v. Beal* (1997) 60 Cal.App.4th 84, 87 (*Beal*); *People v. Malago* (2017) 8 Cal.App.5th 1301, 1308; *People v. Lindsay* (1992) 10 Cal.App.4th 1642, 1645; *People v. Smith* (1983) 145 Cal.App.3d 1032, 1035.)

4

In *People v. Cota* (2020) 45 Cal.App.5th 786, cited by the People, the appellate court upheld an alcohol-related probation condition where the defendant, who pleaded guilty to carrying a concealed dirk or dagger, was a "habitual user of methamphetamine and a daily user of marijuana." (*Id.* at pp. 788, 792.) Even though alcohol was not involved in the incident, the court nevertheless observed, "alcohol is a drug-albeit a legal one" and noted the empirical nexus between drugs and alcohol as described in *Beal*, *supra*, 60 Cal.App.4th at p. 87. (*Cota*, at p. 792.) As the *Cota* court explained: "It would make little sense to deprive Cota's probation officer of the power to direct Cota away from alcohol as a substitute mind-altering substance when his substance abuse history is so clearly demonstrated." (*Id.* at p. 793.)

We agree with the *Cota* court's rationale and conclude this case is no exception. Accordingly, the trial court did not abuse its discretion in imposing the alcohol and marijuana-related conditions of appellant's probation.

Appellant next contends the marijuana-related conditions were unconstitutionally overbroad. The People contend appellant forfeited this challenge because he failed to raise it below.

An overbreadth challenge to a probation condition may be raised on appeal despite the failure to object at trial where it is claimed to be overbroad on its face and is "capable of correction without reference to the particular sentencing record developed in the trial court . . . ." (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889 (*Sheena K.*); accord, *People v. Patton* (2019) 41 Cal.App.5th 934, 946 (*Patton*).)

Here, appellant is not asserting a facial overbreadth challenge. Rather, he is asserting an as-applied claim that the

5

marijuana-related conditions are overbroad based on the facts of his offense and "are not necessary for reformation or rehabilitation." However, "[a]n as-applied constitutional challenge is forfeited unless previously raised." (*Patton*, *supra*, 41 Cal.App.5th at p. 946, citing *Sheena K.*, *supra*, 40 Cal.4th at p. 889.) We adhere to the forfeiture rule.

Alternatively, appellant contends he was denied effective assistance of counsel because defense counsel did not specifically object to the alcohol and marijuana-related conditions as unconstitutionally overbroad.

To establish ineffective assistance of counsel, a defendant must show counsel's representation was deficient and that he was prejudiced by the deficiency. (*Strickland v. Washington* (1984) 466 U.S. 668, 693-694, 697.) "If it is easier to dispose of an ineffective[] [assistance of counsel] claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Id.* at p. 697.)

Here, even if counsel had specifically objected to the alcohol and marijuana-related conditions on constitutional grounds, appellant still cannot show prejudice because the conditions were reasonably related to fostering his rehabilitation.

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.                    BALTODANO, J.

6

Derek D. Malan, Judge
Superior Court County of Ventura

_____

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, and Susan S. Kim, Deputy Attorney General, for Plaintiff and Respondent.