Robert WARNER, Plaintiff–Appellee,

v.

ORANGE COUNTY DEPARTMENT OF PROBATION, Defendant–Appellant.

Docket No. 95–7055.

United States Court of Appeals, Second Circuit.

Submitted Oct. 16, 1997.

Decided April 19, 1999.

Robert N. Isseks, Middletown, N.Y. (Alex Smith, Middletown, N.Y., Of Counsel), for Plaintiff–Appellee.

Richard B. Golden, Orange County Attorney, Goshen, N.Y. (Kathleen A. Mishkin, Of Counsel), for Defendant–Appellant.

Before: WINTER, LEVAL, and CALABRESI, Circuit Judges.

Chief Judge WINTER dissents by separate opinion.

LEVAL, Circuit Judge.

This appeal comes to us following a post-remand hearing in the district court. We affirm the district court's supplemental findings and reaffirm the judgment.

Robert Warner brought this suit against the Orange County Department of Probation ("the County") under 42 U.S.C. § 1983, alleging that terms of probation imposed on him as part of a criminal sentence—requiring him to attend meetings of a local chapter of Alcoholics Anonymous ("A.A.")—forced him, an atheist, to participate in religious exercises in violation of his rights under the First Amendment's Establishment Clause. After a bench tri-

al, the district court found a violation of plaintiff's rights. The court, however, found no substantial damages and made a nominal award of one dollar in Warner's favor. *Warner v. Orange County Dept. of Probation*, 870 F.Supp. 69 (S.D.N.Y.1994).

This panel affirmed the judgment. *Warner v. Orange County Dept. of Probation*, 115 F.3d 1068 (2d Cir.1997). (Now Chief) Judge Winter dissented. In his dissenting opinion Judge Winter raised an issue that had not been briefed or mentioned by either party on appeal. Judge Winter argued that Warner should be held to have consented to participation in A.A. despite its religious content (and to have forfeited his claim under § 1983) because, having attended a few A.A. meetings voluntarily prior to being sentenced, he neither objected to the compulsory A.A. attendance imposed on him at sentencing, nor appealed. *See id.* at 1077–78. The majority disagreed: the evidence did not show that Warner's attendance at a few A.A. sessions prior to sentence gave him sufficient awareness of the nature or extent of the religious exercises to justify either imputing consent or charging him with forfeiture. *See id.* at 1074.

A poll was requested by a judge of this court to determine whether the case should be reheard *in banc*. In the course of that poll, interest was expressed in the question Judge Winter raised as to whether Warner should be held to have consented, and thus to have forfeited his civil claim.

Because there were no district court findings on this question, indeed no indication in the record on appeal that the issue had ever been raised in the district court, the panel decided (Judge Winter dissenting) to remand to the district court to determine 1) whether the County had ever asserted consent, waiver, or forfeiture, and

2) regardless of the answer to that question, whether, at the time he was sentenced, Warner was sufficiently aware of the nature and extent of A.A.'s religious component that his failure to object to, or appeal from, his sentence should be deemed a consent, waiver, or forfeiture. *See* 115 F.3d at 1081. We vacated our prior opinion pending the results of the remand. *See id.* at 1082.

■ The district court conducted an evidentiary hearing and made express findings. *Warner v. Orange County Dept. of Probation*, 968 F.Supp. 917 (S.D.N.Y. 1997). The court found that the County had never raised any claim of consent, waiver or forfeiture. *See id.* at 919–20. The court further found that, although Warner observed some religious activity at the sessions he attended before sentencing, his doubts were assuaged when he was told the meetings were not religious but "spiritual." The district court found it was not until well after he began serving his sentence (after the opportunity to object or appeal had passed) that Warner was exposed to the deeply religious nature of the program. The court thus found that Warner's failure to object to or appeal his sentence did not constitute consent to the sentence or a waiver or forfeiture of his constitutional claim. *See id.* at 922, 923–24.

The County now appeals from those findings. We find no merit in the County's position. The district court's factual findings are amply supported by the record, and its conclusion that there was no consent, waiver or forfeiture follows inevitably from these findings.[1]

We therefore reaffirm our prior affirmance of the judgment of the district court and reinstate our opinion vacated by the Order of Remand of May 14, 1997. *See Warner v. Orange County Dept. of Probation*, 115 F.3d 1068, 1082 (2d Cir.1997).

---

1. Chief Judge Winter continues to dissent on the grounds, described above, that he advanced in Part I of his original dissent. If the facts indeed were as Judge Winter characterizes them, we would agree that Warner could not maintain this action. However, we remanded to the district court for factual findings on these issues, and the district judge's findings dispel those concerns.

█ In so doing, we reiterate our unhappiness with imposing damages on a governmental entity whose officials were seeking not to impose obligatory religion but to require an alcoholic to deal with his addiction. While it seems clear enough that Warner should not under the First Amendment have been required to participate in religious exercises, it seems far less clear he should be entitled to damages—especially because the county officials had little reason to believe at the time that a sentence requiring A.A. participation might violate the First Amendment. Nevertheless, as we noted in our earlier opinion, the County cannot avail itself of qualified immunity in the present case, *see id.* at 1071 n. 1, 1077 n. 9, and, under the circumstances, the district court's decision to set damages at the symbolic level of one dollar was just about right, *see id.* at 1077.

WINTER, Chief Judge, dissenting:

I continue to dissent for the reasons stated in Part I of my earlier separate opinion.

To reiterate briefly, Warner, before sentencing and facing his third alcohol-related driving offense in one year, voluntarily began attending AA meetings on the advice of counsel. It is conceded that he resorted to AA in the hope of obtaining a sentence of probation rather than jail time. The Orange County Probation Department recommended probation on the condition that Warner continue what he had purposefully began, attendance at AA meetings. The sentencing judge independently arrived at the same conclusion. Warner neither objected to the sentence nor took an appeal. Asking for particular relief, not objecting to its imposition, and failing to appeal from that imposition is the very definition of waiver.

I therefore dissent.