**CAP GEMINI ERNST & YOUNG U.S., L.L.C., Plaintiff–Appellee,**

v.

**John NACKEL, Defendant–Appellant.**

**No. 02–9447.**

United States Court of Appeals, Second Circuit.

May 27, 2004.

---

Alan D'Ambrosio, Winston & Strawn (Chistopher C. Heisenberg, on the brief), New York, NY, for Plaintiff-Appellee.

John S. West, Allred, Maroko & Goldberg, Los Angeles, CA, for Defendant-Appellant.

Present: MESKILL., MINER, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON SUBMISSION AND DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the March 23, 2004 Opinion and Order of the District Court, is **AFFIRMED.**

Defendant John Nackel ("Nackel") appeals from an order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*), entered November 22, 2002 that granted the application of plaintiff-appellee, Cap Gemini Ernst & Young U.S. LLC ("Cap Gemini"), to compel arbitration of Nackel's employment discrimination claims and staying Nackel from pursuing those claims in a prior suit filed in California. *See Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* No. 02 Civ. 8672(DLC), 2002 WL 31626703 (S.D.N.Y. Nov. 21, 2002). We vacated the order, remanded this matter to the District Court, and retained jurisdiction pursuant to *United States v. Jacobson,* 15 F.3d 19 (2d Cir.1994), for further fact-finding on the issue of whether the application of New York law to the parties' arbitration agreement was permissible under New York choice-of-law principles. *See Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* 346 F.3d 360, 365–66 (2d Cir. 2003) (*per curiam*). After allowing further briefing on the remanded legal issues and allowing the parties to submit additional evidence concerning New York's contacts with the employment claims in dispute, the District Court issued an Opinion and Or-

der on March 23, 2004, that concluded "New York law governs the enforceability of the Employment Agreement. The parties entered into a contractually valid arbitration agreement." *See Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* No. 02 Civ. 8672(DLC), 2004 WL 569554, at *5 (S.D.N.Y. Mar 23, 2004). Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues.

After a review of the record in this case, we affirm substantially for the reasons articulated by the District Court. We find no error in the District Court's conclusion that the parties entered into a contractually-valid arbitration agreement governed by New York law. Thus, the order granting Cap Gemini's application to compel Nackel to arbitrate his claims against Gap Gemini and to stay Nackel from pursuing those claims through judicial proceedings in California is hereby REINSTATED and AFFIRMED. *Cf., e.g., Warner v. Orange County Dep't of Prob.,* 173 F.3d 120, 121 (2d Cir.1999) (reinstating previously vacated appellate opinion after *Jacobson* remand to district court for further fact-finding); *Slocum v. Edwards,* 168 F.2d 627, 632 (2d Cir.1948) (reversing decree of district court that vacated referee's order and reinstating and affirming referee's order).