Filed 1/26/21  P. v. Wilkerson CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT WILKERSON,<br><br>    Defendant and Appellant. | D076954<br><br><br>(Super. Ct. No. JCF002694) |


APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed in part, vacated in part, and remanded with direction.

Kenneth J. Vandevelde, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Adrianne Denault and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

Robert Wilkerson pleaded no contest to one count of assault with a deadly weapon (Pen. Code[1], § 245, subd. (a)(1)). Pursuant to the terms of the plea agreement, the trial court granted Wilkerson three years of formal probation subject to various terms and conditions.

Wilkerson challenges two conditions of his probation: condition 5, which requires attendance at Alcoholics Anonymous meetings twice a week, and condition 11, insofar as it requires him to submit to alcohol testing (he does not challenge the condition requiring drug testing). He contends the alcohol conditions are unauthorized under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) because the record does not indicate he was under the influence of alcohol when he committed the offense or that he has a history of alcohol abuse. He also contends condition 5 requiring his attendance at Alcoholics Anonymous meetings violates the Establishment and Free Speech Clauses of the First Amendment because Alcoholics Anonymous requires acknowledgement of a higher power.

In supplemental briefing, Wilkerson contends that Assembly Bill No. 1950 (Stats. 2020, ch. 328, § 2), which amended section 1203.1 to limit the probation term for most felony offenses to two years, applies retroactively to this case. Wilkerson asks us to remand with directions for the trial court to resentence him to a term of probation not to exceed two years. The People contend the amended statute does not apply retroactively to this case because probation is not punishment and, thus, is not subject to the rule of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) applying ameliorative changes in

---

[1]     Further references are to the Penal Code unless otherwise stated.

criminal law to nonfinal judgments unless otherwise indicated by the Legislature.

We conclude the amended statute applies to this case and the matter should be remanded for resentencing to allow the court to exercise its sentencing discretion anew considering the amendment to section 1203.1. In the interests of judicial economy and to provide guidance to the trial court, we consider Wilkerson's challenges to the current order of probation. We conclude the alcohol conditions are reasonable to prevent future criminality given Wilkerson's history of substance abuse. However, we conclude condition 5 should be modified to allow Wilkerson the choice to attend a substance abuse recovery program that does not require acknowledgement of a higher power. We vacate the current order of probation and remand the matter for resentencing consistent with this opinion. In all other respects, we affirm the judgment.

## II

## BACKGROUND

According to the probation report, Wilkerson and the victim had recently ended their long-term relationship and the victim moved to a motel. On the morning of September 6, 2019, the victim and Wilkerson went to their former home to clean and remove personal items. When the victim refused Wilkerson's request to have sex with him, Wilkerson became enraged and left the victim alone at the residence.

When the victim returned to the motel, she found Wilkerson in her room. He appeared angry and asked the victim who she "was fucking." He pulled a knife from his pocket, held it to her throat, and threatened her by saying, "If you don't tell me who you're fucking, I'm going to kill you." The victim screamed, but no one came to her aid.

The victim tried to lock herself in the bathroom, but Wilkerson forced his way in and slapped her across the face. As he tried to grab the victim's cell phone, she pretended she had contacted the police. Wilkerson ran to his car and fled. Police officers subsequently stopped Wilkerson's vehicle. Officers arrested him after he denied abusing the victim.

Wilkerson said he and the victim were under the influence of methamphetamine during the incident and their argument turned physical. Wilkerson admitted he abused methamphetamine and marijuana daily.

## III

## DISCUSSION

### A

### *Probation Term*

At the time Wilkerson was sentenced, section 1203.1 provided that a trial court may grant felony probation "for a period of time not exceeding the maximum possible term of the sentence[.]" Further, it stated that if the "maximum possible term of the sentence [was] five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years." (Former § 1203.1, subd. (a).)

Effective January 1, 2021, Assembly Bill No. 1950 amended section 1203.1, subdivision (a) to limit the probation term for felony offenses to two years, except in circumstances not present here. (Assem. Bill No. 1950 (Stats. 2020, ch. 328, § 2); Cal. Const., art. IV, § 8; Gov. Code, § 9600, subd. (a); *People v. Camba* (1996) 50 Cal.App.4th 857, 865.)

In supplemental briefing, Wilkerson contends the revised statute applies to this matter because the judgment was not final when the ameliorative amendment took effect and reduced the maximum term of

4

probation to two years.  (*Estrada*, *supra*, 63 Cal.2d at pp. 744–745.)  He asks us to remand the matter with directions for the trial court to resentence him to a term of probation not to exceed two years.  The People contend the *Estrada* presumption that the Legislature intended a statutory amendment reducing criminal punishment to apply retroactively has no application here because probation is not punishment.  We agree with Wilkerson that the amendment applies retroactively.

In *People v. Sims* (Jan. 12, 2021, D077024) ___ Cal.App.5th ___ [2021 Cal.App.LEXIS 33] we rejected a similar assertion by the People that the amendment to section 1203.1, subdivision (a) is not subject to the *Estrada* presumption of retroactivity.  We concluded that a probationer is in constructive custody and, therefore, is under restraint.  By "limiting the maximum duration a probationer can be subject to such restraint, Assembly Bill No. 1950 has a direct and significant ameliorative benefit for at least some probationers who otherwise be subject to additional months or years of potentially onerous and intrusive probation conditions." (*Sims*, at p. ___ [p. *25].)  "There is no dispute that the longer a probationer remains on probation, the more likely it is he or she will be found to be in violation of a probation condition. There also is no dispute that the longer a probationer remains on probation, the more likely it is he or she will be sentenced to prison for a probation violation. Assembly Bill No. 1950 does not guarantee that a probationer will abide by his or her probation conditions and, as a result, avoid imprisonment. However, by limiting the duration of felony probation terms, Assembly Bill No. 1950 ensures that at least some probationers who otherwise would have been imprisoned for probation violations will remain violation-free and avoid incarceration.  Like the laws at issue in [*People v. Superior Court ([Lara])* (2018) 4 Cal.5th 299] and

[*People v.*] *Frahs* [(2020) 9 Cal.5th 618], Assembly Bill No. 1950 thus ameliorates possible punishment for a class of persons-felony probationers." (*Id.* at p. ___ [pp. *26-27].)

Because the Legislature did not include a savings clause or otherwise indicate it intended the two-year limitation to apply only prospectively, we concluded "the two-year limitation on felony probation set forth in Assembly Bill No. 1950 is an ameliorative change to the criminal law that is subject to the *Estrada* presumption of retroactivity" and, therefore, applies to cases such as this where there is no final judgment as of the effective date of the amendment. (*Id.* at p. ___ [p. *34].)

Our colleagues in Division Four of the First District Court of Appeal likewise concluded the *Estrada* presumption of retroactivity applies to Assembly Bill No. 1950's two-year felony probation limitation. (*People v. Quinn* (Jan. 11, 2021, A156932) ___Cal.App.5th ___) [2021 Cal.App.LEXIS 27, *3-12.) Based on an analysis of the legislative history of Assembly Bill No. 1950, the *Quinn* court concluded that since "the Legislature has determined that the rehabilitative function of probation does not extend beyond two years, any additional period of probation can only be regarded as punitive, and therefore within the scope of *Estrada.*" (*Id.* at p. ___ [at p. *12]; see also *People v. Burton* (2020) 58 Cal.App.5th.Supp. 1, 19.) We agree.

Therefore, we remand to allow the trial court to exercise anew its sentencing discretion in light of the amendment. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Keene* (2019) 43 Cal.App.5th 861, 865, see also *People v. Stamps* (2020) 9 Cal.5th 685, 709.)

B

*Alcohol Conditions*

Although we remand for resentencing, in the interests of judicial economy, we consider the merits of Wilkerson's challenges to the merits of his alcohol conditions on probation. "On appeal, we ' "review conditions of probation for abuse of discretion." ' [Citation.] Specifically, we review a probation condition 'for an indication that the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).) We independently review constitutional challenges to probation conditions. (*In re I.V.* (2017) 11 Cal.App.5th 249, 261.)

1

Wilkerson contends condition 5 requiring attendance at Alcoholics Anonymous and condition 11 requiring alcohol testing are both unreasonable under *Lent*, *supra*, 15 Cal.3d at p. 486 because alcohol was not involved in the incident and the record does not suggest he has a problem with alcohol. We disagree.

A condition of probation or supervision will not be held invalid as unreasonable " 'unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*Ricardo P., supra*, 7 Cal.5th at p. 1118, quoting *Lent*, *supra*, 15 Cal.3d at p. 486.) All three prongs of the *Lent* test must be satisfied before a reviewing court will invalidate a probation term. (*Ricardo P.*, at p. 1118; *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1194.)

Relying on *People v. Burton* (1981) 117 Cal.App.3d 382 (*Burton*), Wilkerson contends the conditions are unreasonable under each prong of

7

*Lent*. In *Burton*, the defendant was convicted of assault with a deadly weapon for beating a co-worker with a lead pipe following a disagreement about work. (*Burton*, at p. 385.) The court in that case concluded probation conditions restricting the defendant from using "intoxicants" or visiting any place where intoxicants were sold was unreasonable under *Lent* because the record was devoid of evidence the crime had any connection to the use of alcohol or an establishment that sold alcohol. There was also no nexus between the crime, the defendant's "manifested propensities," and the probation conditions because there was no evidence he "had ever been convicted of an alcohol-related offense and/or that he had manifested a propensity to become assaultive while drinking." (*Id*. at p. 390.)

*Burton* is distinguishable from this case. Here, Wilkerson admitted to using and abusing methamphetamine and marijuana daily and stated that both he and the victim were under the influence of methamphetamine during the assault in this case.

Our court has long held there is an empirical nexus between drugs and alcohol. (*People v. Beal* (1997) 60 Cal.App.4th 84, 87.) As stated in *Beal*, "It is well documented that the use of alcohol lessens self-control and thus may create a situation where the user has reduced ability to stay away from drugs. [Citations.] Presumably for this very reason, the vast majority of drug treatment programs … require abstinence from alcohol use." (*Ibid*.) Given this connection, we concluded that "alcohol use may lead to future criminality where the defendant has a history of substance abuse." (*Ibid*; see also *People v. Malago* (2017) 8 Cal.App.5th 1301, 1308 [upholding alcohol consumption, testing, treatment, and monitoring conditions as a proper exercise of discretion and reasonably related to prevent future criminality where defendant had a history of alcohol, marijuana, and cocaine use]; *People*

8

*v. Balestra* (1999) 76 Cal.App.4th 57, 68–69 [upholding the trial court's exercise of discretion in imposing alcohol and drug testing conditions to aid in probation compliance where alcohol involved in elder abuse incident]; see also *People v. Lindsay* (1992) 10 Cal.App.4th 1642, 1645 [alcohol-use condition reasonably related to defendant's sale of cocaine and future criminality because "[a] person's exercise of judgment may be impaired by the consumption of alcohol, and …, this could lead to [the defendant] giving in to the use of drugs"].)

Recently, in *People v. Cota* (2020) 45 Cal.App.5th 786, we upheld a probation condition restricting use or possession of alcohol where the defendant, who pleaded guilty to carrying a concealed dirk or dagger, admitted he was "a habitual user of methamphetamine and a daily user of marijuana." (*Id.* at pp. 788, 792.) Although alcohol was not involved in the incident, we observed that "alcohol is a drug–albeit a legal one" and we again noted the empirical nexus between drugs and alcohol. (*Ibid.*) "It would make little sense to deprive [a defendant's] probation officer of the power to direct [a defendant] away from alcohol as a substitute mind-altering substance when his [or her] substance abuse history is so clearly demonstrated." (*Ibid.*) Given the defendant's history of drug use, we concluded the imposition of alcohol-related probation conditions was reasonably related to preventing future crimes. (*Ibid.*)[2]

Likewise here, Wilkerson was under the influence of methamphetamine during the incident and admitted he abused

---

[2] The *Cota* court also rejected an argument that the case was distinguishable from *Beal* because Cota was not charged with a drug-related offense. Rather, the court concluded the *Beal* analysis was applicable when considering whether an alcohol condition is reasonably related to future criminality. (*Cota, supra,* 45 Cal.App.5th at p. 793, fn. 7.)

methamphetamine and marijuana daily. Consistent with *Cota* and *Beal,* the trial court found "a nexus between the substance abuse" and the conditions "that would include all drugs as well as alcohol." The court stated, "It appears based upon the probation officer's report that when the defendant is under the influence of either alcohol or drugs, he has a likelihood of becoming aggressive." The court reached this conclusion based on Wilkerson's statement to the probation officer that he regrets the events that led to the offense. The court stated, "I think to be successful on probation, Mr. Wilkerson should stay away from the use of any substances that are subject to abuse, and that would include alcohol."

Although the court noted Wilkerson claimed the victim became aggressive when under the influence, the trial court was justified in concluding Wilkerson's behavior was also influenced by substance abuse based on the victim's account of the incident and Wilkerson's regret about the turn of events. As in *Cota,* we conclude the alcohol conditions are reasonably related to preventing future criminality given Wilkerson's history of drug use. The court did not abuse its discretion in imposing the conditions.

2

Wilkerson next contends condition 5's requirement that he attend meetings of Alcoholics Anonymous violates his rights under the First and Fourteenth Amendments because it requires him to acknowledge the existence of a higher power. We conclude the condition should be modified.

Under the Establishment Clause of the United States Constitution, "[n]either a state nor the Federal Government can ... force [a person] to profess a belief or disbelief in any religion." (*Everson v. Board of Education of Ewing Township* (1947) 330 U.S. 1, 15.) "[A]t a minimum, the Constitution guarantees that government may not coerce anyone to support or participate

10

in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious faith, or tends to do so.' " (*Lee v. Weisman* (1992) 505 U.S. 577, 587.) Federal courts have concluded that acknowledgement or reverence for a higher power is a component of the Alcoholics Anonymous program. (*Inouye v. Kemna* (9th Cir. 2007) 504 F.3d 705, 712–714 [requiring a parolee to attend AA/NA was unconstitutionally coercive]; *Warner v. Orange County Dep't of Prob.* (2d Cir. 1997) 115 F.3d 1068, 1075-1076, reaff'd after remand, 173 F.3d 120 (2d Cir. 1999), cert. denied, 528 U.S. 1003, 120 S. Ct. 495, 145 L. Ed. 2d 382 (1999) [conditioning criminal probation on participation in Alcoholics Anonymous violated the Establishment Clause]; see also *Kerr v. Farrey* (7th Cir. 1996) 95 F.3d 472, 479–480 [elements of Narcotics Anonymous are "fundamentally based on a religious concept of a Higher Power" and requiring attendance by a parolee runs afoul of the Establishment Clause].)

At the sentencing, defense counsel objected to probation condition 5's requirement for him to participate "in the recovery program of Alcoholics Anonymous" because "Alcoholics Anonymous requires acknowledgement of a higher power as part of their programming" in violation of the Establishment Clause of the First Amendment. When the court asked for a factual basis for the objection, defense counsel stated Wilkerson objected "to having beliefs forced upon him, which is basically establishment[]." The court overruled the objection.

We conclude the condition, as written, is unconstitutionally coercive. On remand, should the court grant a term of probation conditioned on participation in a substance abuse program, it should allow Wilkerson the choice to attend an alternative substance abuse program approved by probation that does not require acknowledgement of a higher power. (See

11

*O'Connor v. California* (C.D. Cal. 1994) 855 F.Supp. 303, 308 [no violation of Establishment Clause where probationer had a choice of substance abuse program to attend]; *In re Personal Restraint of Garcia* (Wash. Ct. App. 2001) 106 Wn.App. 625, 634–635, 24 P.3d 1091, 1096–1097 [same].)

IV

DISPOSITION

The order granting probation is vacated and the matter is remanded for the court to exercise its sentencing discretion anew in light of the amendment to section 1203.1. If the court grants a term of probation, it shall impose terms and conditions consistent with this opinion. In all other respects, the judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

O'ROURKE, J.

12