Filed 2/23/21  P. v. Wright CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C087233 |
| Plaintiff and Respondent, | (Super. Ct. No. 17CF06642) |
| v. | |
| TRACI RENAE WRIGHT, | |
| Defendant and Appellant. | |

Defendant appeals a judgment entered following her guilty plea to grand theft (Pen. Code, § 487, subd. (a))[1] and sentence of three years in county prison with 731 days suspended for mandatory supervision (§ 1170, subd. (h)(5)).  She argues:  (1) two special conditions of mandatory supervision are unconstitutionally overbroad such that they must be modified or stricken and (2) certain fees imposed at sentencing violate due process in

---

[1]  Undesignated statutory references are to the Penal Code.

1

light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) requiring remand for an ability to pay hearing. While defendant has forfeited any as-applied constitutional challenge because she did not object to these special conditions at sentencing, we conclude the two special conditions are not facially overbroad. As to the mandatory fines, we disagree with *Dueñas* and conclude no ability to pay hearing was required prior to imposing these fees. The judgment is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

Defendant pleaded guilty to grand theft in excess of $950 (§ 487, subd. (a); count 2) in exchange for dismissal of the remaining burglary count (§ 459; count 1) and dismissal with a *Harvey*[2] waiver of at least one other misdemeanor case. The parties stipulated the factual basis for her plea would be represented in the probation report, which relayed that defendant was found in possession of several items belonging to her former roommate, who had been arrested a few days before. Defendant took this property while the former roommate was incarcerated and after defendant's permission to be at the former roommate's house was revoked. In the dismissed misdemeanor case, defendant was charged with possession drug paraphernalia (Health & Saf. Code, § 11364) and petty theft of lost property (§ 485) based upon her taking of a wallet left in a dressing room and possession of a methamphetamine pipe and 13 syringes.

Defendant was sentenced on May 10, 2018. The court denied defendant's request for probation finding she did not meet the required unusual case criteria for eligibility. Instead, the court sentenced defendant to serve three years in county prison with 731 days suspended for mandatory supervision (§ 1170, subd. (h)(5)). Included within the terms of mandatory supervision were two challenged special conditions requiring defendant waive her right to confidentiality for certain records, which we will discuss in greater detail,

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

*post*. The court further ordered defendant participate in drug and alcohol counseling, as well as testing.

The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended mandatory supervision revocation fine (§ 1202.45, subd. (b)), a $40 court operations assessment fee (§ 1465.8), and a $30 conviction assessment fee (Gov. Code, § 70373). Finally, the court imposed a $39 theft fine (§ 1202.5), but did not require that defendant pay the cost of her presentence investigation report and found she was unable to reimburse the county for her defense. Defendant timely appealed.

## DISCUSSION

### I

### *The Special Conditions of Mandatory Supervision*

Defendant challenges two special conditions of mandatory supervision on the grounds that they are overbroad under the Fourteenth Amendment to the federal Constitution. Defendant did not object to these conditions in the trial court, and thus, her arguments must be limited to a facial challenge of the conditions. (*In re Sheena K.* (2007) 40 Cal.4th 875, 881, 888-889.) Accordingly, these conditions are facially overbroad only if they could never be constitutionally applied to any person on mandatory supervision. (See *id.* at pp. 885-889 [forfeiture for nonobjection does not apply if the constitutional challenge presents a pure question of law that may be resolved without resorting to the appellate record].) Having completed our de novo review for facial overbreadth (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 993), we reject defendant's challenge.

Mandatory supervision is "akin to a state prison commitment," and more similar to parole than to probation. (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422-1423.) Accordingly, courts review the terms of supervised release "under standards 'parallel to those applied to terms of parole.' " (*People v. Malago* (2017) 8 Cal.App.5th 1301, 1306.)

3

" 'In California, parolee status carries distinct disadvantages when compared to the situation of the law-abiding citizen.  Even when released from actual confinement, a parolee is still constructively a prisoner subject to correctional authorities.  [Citations.] The United States Supreme Court has characterized parole as "an established variation on imprisonment" and a parolee as possessing "not . . . the absolute liberty to which every citizen is entitled, but only . . . the conditional liberty properly dependent on observance of special parole restrictions."  [Citations.]  Our own Supreme Court holds a like opinion: "Although a parolee is no longer confined in prison his custody status is one which requires . . . restrictions which may not be imposed on members of the public generally." [Citations.]'  [Citation.]"  (*People v. Martinez* (2014) 226 Cal.App.4th 759, 763.)

The fundamental goals of parole are " 'to help individuals reintegrate into society as constructive individuals' [citation], ' "to end criminal careers through the rehabilitation of those convicted of crime" ' [citation] and to [help them] become self-supporting."  (*In re Stevens* (2004) 119 Cal.App.4th 1228, 1233.)  In furtherance of these goals, "[t]he state may impose any condition reasonably related to parole supervision."  (*Ibid.*)  These conditions "must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee."  (*Id.* at p. 1234.)

"The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement."  (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

Here, defendant challenges special condition Nos. 40 and 56.  These conditions state:

"40.  Within 72 hours of being granted probation or your release from jail (either time served or when placed on a jail program i.e. SWAP, ESP) report to the **Butte County Behavioral Health Department** and cooperate in any psychiatric or

psychological treatment, testing, or counseling which may be suggested or recommended by **Butte County Behavioral Health Department**.  You must authorize the release of any type of reports or records (written or oral) from any psychiatrist, physician, psychologist, or counselor to the Court, Probation Department, and District Attorney's Office.  Do not terminate your participation in counseling or treatment, unless approved by your Probation Officer and **Butte County Behavioral Health Department** staff. [¶] . . . [¶]

"56.  Waive any confidentiality regarding your participation in ordered program(s) so that information regarding your performance and progress of any court ordered treatment or medical program(s) can be provided to the Court, your attorney, the District Attorney and any treatment or healthcare providers.  Sign any documents necessary to waive confidentiality; it being understood, however, that by signing your name below, you are authorizing your treatment provider or program staff to release information as may be requested by the Court or the Probation Department."

Defendant objects to the temporal breadth of the release in special condition No. 40 and that the information to be released is to be provided to the district attorney and also prospective treatment providers as set forth in special condition Nos. 40 and 56.  We are unconvinced.

These conditions are not overbroad in reference to *any* person placed on mandatory supervision.  On the contrary, they are appropriate for this particular defendant, who suffers from untreated borderline personality disorder, posttraumatic stress disorder, and drug-induced schizoaffective disorder, and has unchallenged mandatory conditions requiring her to participate in mental health assessments and associated counseling, refrain from using drugs or alcohol, submit to drug testing, enter and complete a residential drug treatment program, and refrain from living in an place that has not been approved as a "clean and sober living environment."  Thus, clearly it

5

cannot be said the conditions would not appropriate for *any* individual subject to mandatory supervision.

Further, assuming without deciding that an individual on mandatory supervision has a *federal constitutional right* to privacy in these records (see *People v. Garcia* (2017) 2 Cal.5th 792, 809-810 (*Garcia*); *People v. Gonzales* (2013) 56 Cal.4th 353, 385 (*Gonzales*)), access to that person's complete health history would be an essential part of determining the appropriateness of any treatment while on mandatory supervision. This includes not only what treatment to seek, but whether an individual treatment provider or program is matched to meet those treatment needs. In order to assess that match, access to these records by all parties involved is a practical necessity.

Finally, access to these records is similarly required in order to weigh an individual on mandatory supervision's compliance with and progress through any mandated treatment. (See *In re Christopher M.* (2005) 127 Cal.App.4th 684, 695 [upholding condition requiring disclosure of all records concerning court-ordered medical and psychological treatment to probation officer and court], disapproved on other grounds in *Gonzales, supra*, 56 Cal.4th at p. 375, fn. 6.; *Id.* at pp. 357, 388 [no violation of defendant's assumed federal right to privacy resulting from government introduction of psychotherapist information at sexually violent predator proceeding]; *Garcia, supra*, 2 Cal.5th at p. 811 [upholding condition allowing essential communication of psychotherapist, probation officer, and polygraph examiner].) Therefore, defendant has not shown the disclosure required by special condition Nos. 40 and 56 "[are] not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.]" (*In re E.O., supra*, 188 Cal.App.4th at p. 1153.)

## II

### *The Requested Ability to Pay Hearing*

Defendant challenges imposition of the $30 conviction assessment fee (Gov. Code, § 70373) and the $40 court operations assessment fee (§ 1465.8) without an ability

6

to pay hearing and requests remand for such a hearing in light of *Dueñas, supra*, 30 Cal.App.5th 1157. In the event this court finds this argument was not forfeited, the People concur.

We agree with defendant that the *Dueñas* claim is not forfeited, as an objection based on the due process argument accepted in *Dueñas* would be "based on a newly announced constitutional principle that could not reasonably have been anticipated at the time of trial," and thus the failure to object on that basis does not result in forfeiture. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 489; *contra*, *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 464; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154-1155.) However, we cannot accept the People's concession as we shall explain.

The *Dueñas* court held that due process prohibits a trial court from imposing court assessments under section 1465.8 and Government Code section 70373, and requires the trial court to stay execution of any restitution fines unless it ascertains by hearing the defendant's ability to pay those assessments and fines. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) To support this conclusion, *Dueñas* relied on two lines of due process precedent. First, it cited authorities addressing access to courts and waiving court costs for indigent civil litigants. Second, it relied on due process and equal protection authorities that prohibit incarceration based on a defendant's indigence and inability to pay a fine or fee. (*Id.* at pp. 1165-1166, 1168.) The court also concluded that imposing costs on indigent defendants "blamelessly" unable to pay them transformed a "funding mechanism for the courts into additional punishment." (*Id.* at p. 1168.)

*People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946 (*Hicks*) rejected the reasoning of *Dueñas*, under both lines of due process authority. *Hicks* observed that imposition of fees after a determination of guilt does not deny a criminal defendant's access to the courts and does not interfere with a defendant's right to present a defense or challenge a trial court's rulings on appeal. (*Id.* at p. 326.) Further, imposition of fees, without more, does not result in incarceration for nonpayment

7

of fines and fees due to indigence; thus, it does not infringe on a fundamental liberty interest. (*Ibid*.)

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessment fees under section 1465.8 and Government Code section 70373. (*Kopp,* at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fees at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *Hicks, supra*, 40 Cal.App.5th at p. 329, review granted; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge.

## DISPOSITION

The judgment is affirmed.


/s/
HOCH, J.

We concur:


/s/
HULL, Acting P. J.


/s/
DUARTE, J.

8