Filed 10/19/21  P. v. Ferraro CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047481 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1809183) |
| v. | |
| JOHN CHRISTIAN FERRARO, | |
| Defendant and Appellant. | |

**MEMORANDUM OPINION**[1]

Defendant John Christian Ferraro pleaded no contest to grand theft of personal property valued at more than $950 (Pen. Code, § 487, subd. (a)); contracting without a license (Bus. & Prof. Code, § 7028, subd. (a)); and failure to secure payment of compensation (Lab. Code, § 3700.5).  The trial court suspended imposition of sentence and granted a three-year term of probation including 10 months in county jail.

The court also imposed probation conditions requiring Ferraro to submit to chemical tests and attend a substance abuse treatment program; prohibiting him from knowingly possessing or using drugs, narcotics, controlled substances, or narcotics paraphernalia without a prescription; and prohibiting him from going to places where he knows drugs, narcotics, or controlled substances are illegally used or sold.  Ferraro

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

objected to these conditions as unrelated to the case because his offenses did not involve substance abuse.[2]  The trial court overruled the objection on the ground that Ferraro had a previous conviction for a drug offense and had arrest warrants from Santa Cruz County for drug offenses.

Ferraro appeals from the imposition of the drug-related probation conditions insofar as they prohibit conduct that is not inherently criminal.  He contends the conditions are invalid because they are not reasonably related to the offenses he committed, and he argues they impose excessive burdens.

"A condition of probation will not be held invalid unless it: (1) has no relationship to the crime of which the offender was convicted; (2) relates to conduct which is not in itself criminal; and (3) requires or forbids conduct which is not reasonably related to future criminality.  [Citation.]  This test is conjunctive; all three prongs must be found before a reviewing court will invalidate the condition.  [Citation.]" (*People v. Castellanos* (2020) 51 Cal.App.5th 267, 275.)  "The third prong, relating to future criminality, 'contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition.'  [Citation.]  This prong 'requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality.'  We review conditions of probation for abuse of discretion, looking to whether the condition is ' "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*Ibid.*, quoting *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1121 (*Ricardo P.*).)

We conclude the trial court's imposition of drug-related probation conditions was not an abuse of discretion.  Ferraro was arrested in April 2019 for possession of methamphetamine and drug paraphernalia in Pasco County, Florida.  In June 2019, he was booked on a violation of Health and Safety Code section 11364 in Santa Cruz

---

[2] The facts of the offenses are not in the record.

County. On August 13, 2019, five months after his Florida arrest and conviction for possession of drugs and paraphernalia, Ferraro entered a plea of no contest to the offenses here and admitted a probation violation. We agree with Ferraro there is nothing in the record to support an inference that the charged theft, Labor Code, and Business and Professions Code crimes bore any relationship to illegal drug use or possession. Rather, the probation department identified Ferraro's Florida conviction for methamphetamine possession as the basis for recommending substance abuse probation conditions.

The trial court's adoption of the probation department's recommendation was neither arbitrary nor capricious because drug-related probation conditions were related to the prevention of Ferraro's future criminality. (*People v. Malago* (2017) 8 Cal.App.5th 1301, 1307 [drug-related probations conditions were reasonably related to rehabilitation and successful completion of probation based on defendant's past use of cocaine, marijuana, and alcohol].) The conditions were designed to support Ferraro's sobriety by testing him for drug use, providing him treatment, and prohibiting his willful exposure to illegal drugs or those who use them. These supports were designed to facilitate Ferraro's rehabilitation and crime free completion of probation. Given the recency of his Florida drug possession conviction, the relationship of the drug conditions to the prevention of Ferraro's future criminality was more than abstract or hypothetical, and the burdens the conditions imposed were proportional to the legitimate interests they served.

Accordingly, we will affirm the judgment.

**DISPOSITION**

The judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
 Grover, J.


_____
 Danner, J.


People v. Ferraro
No. H047481