Filed 6/23/23  P. v. Case CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SHAUN MICHAEL CASE,<br><br>        Defendant and Appellant. | H050415<br>(Santa Clara County<br>Super. Ct. No. F1900735) |

**THE COURT[1]**

Shaun Michael Case pled no contest to grand theft, in violation of Penal Code section 487.[2]  The parties stipulated to a no-jail sentence.  The trial court placed Case on 16 months of mandatory supervision.  As a condition of supervision, the court ordered Case to "enter and complete a substance abuse treatment program as directed by Probation" (Condition No. 10).  On appeal, Case contends that because Condition No. 10 can be interpreted to give probation discretion to order Case into residential treatment, the condition is an improper delegation of judicial authority.  Case also argues that Condition No. 10 is unconstitutionally vague, overbroad, and violates the three-part test set forth in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).  Concluding that Condition No. 10 is neither an improper delegation of judicial authority nor overbroad or unconstitutionally vague,

---

[1] Before Greenwood, P. J., Grover, J. and Lie, J.
[2] Undesignated statutory references are to the Penal Code unless otherwise indicated.

and that the condition is reasonably related to preventing Case's future criminality, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Santa Clara County District Attorney filed a criminal complaint charging Case with one count of grand theft, in violation of section 487. The complaint further alleged that Case sustained two prior convictions for which he served a term of imprisonment, pursuant to section 667.5, subdivision (b). Both prior convictions were for possession for sale of a controlled substance. Pursuant to a plea agreement, Case pled no contest to grand theft for a term of 16 months on mandatory supervision, and in exchange, the prosecutor dismissed the prior conviction allegations and agreed to not seek additional custody time.

The probation report prepared in anticipation of Case's sentencing recommended substance abuse conditions, including the condition that Case "enter and complete a substance abuse treatment program as directed by his probation officer" (Condition No. 10). The probation department recommended substance abuse conditions because "[a] review of the defendant's criminal history revealed several drug related offenses including the use of a controlled substance, possession of narcotic for sale, under the influence of a controlled substance, and possession of paraphernalia with the intent to use. In an effort to address any substance abuse issues the defendant may be facing it is recommended the full range of substance abuse conditions be included with the grant of Mandatory Supervision."

The trial court sentenced Case to one day and awarded him one day credit for time served. The court imposed the recommended substance abuse conditions, including: (1) that Case submit to chemical testing as directed by probation (Condition No. 8); (2) that Case not knowingly possess or use illegal drugs, narcotics, or controlled substances, or go to places where he knows drugs, narcotics or controlled substances are illegally used or sold (Condition No. 9); and (3) that Case "enter and complete a substance abuse

2

treatment program as directed by [his] Probation Officer" (Condition No. 10). The court ordered Case released on mandatory supervision for a term of 16 months.

At sentencing, Case objected to the substance abuse conditions pursuant to *Lent*, arguing that they are unrelated to the charged offense and imposed a disproportionate burden on him. The prosecution countered that the conditions were appropriate given Case's numerous prior narcotics sales and narcotics use convictions and his recent arrests for drug possession. The trial court took note of the fact that Case's offense "appear[ed] to be a shoplift of like $1,200 worth of thermostats and things from Home Depot. More than one would have for personal use or personal need. . . . After years of this the Court understands lots of theft is based on the need to furnish money for a drug habit. The Court finds that even if those existed in prior cases, that they would be beneficial to his rehabilitation in this case, so I'm going to impose them." The court imposed the conditions over Case's objection, including Condition No. 10, requiring Case to "enter and complete a substance abuse treatment program as directed by Probation."

Case filed a timely notice of appeal.

## II. DISCUSSION

### A. *Standard of Review*

"A condition of mandatory supervision may be challenged on the same grounds as a condition of parole, which in turn, may be challenged based on the same standards as developed for challenging probation conditions. [Citation.]" (*People v. Brand* (2021) 59 Cal.App.5th 861, 866 (*Brand*).) Under this standard, we review mandatory supervision conditions for abuse of discretion. (*People v. Malago* (2017) 8 Cal.App.5th 1301, 1305 (*Malago*).) We will not disturb the trial court's decision to impose a particular mandatory supervision condition unless the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances. (*People v. Castellanos* (2020) 51 Cal.App.5th 267, 275 (*Castellanos*).)

3

We review constitutional challenges to mandatory supervision conditions de novo. (*Brand, supra*, 59 Cal.App.5th at p. 867.)

### B. Condition No. 10 Is Not an Improper Delegation of Judicial Authority

Case raises three arguments on appeal. He first argues that Condition No. 10 is unreasonable under *Lent*. He next argues that the condition is unconstitutionally vague and overbroad. Finally, Case argues, relying on *People v. Smith* (2022) 79 Cal.App.5th 897 (*Smith*), that Condition No. 10 is an improper delegation of judicial authority because it gives probation the discretion to require him to attend residential treatment.

We begin our analysis by examining whether Condition No. 10 is, indeed, so broad that it must be construed to give probation the discretion to require Case to attend residential as well as outpatient treatment. We will conclude that Condition No. 10 is distinguishable from the probation condition invalidated in *Smith* because it does not expressly provide for the possibility of residential treatment. We will decline to construe Condition No. 10 to include the possibility of requiring residential treatment. Accordingly, we will conclude that Condition No. 10 is not an improper delegation of judicial authority.

In *Smith*, the defendant pled no contest to one count of unauthorized use of personal identifying information and was given two years of supervised probation. (*Smith, supra*, 79 Cal.App.5th at p. 900.) The trial court imposed substance abuse-related probation conditions, including the condition that the defendant " 'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer.' " (*Id*. at p. 901.) The defendant appealed, arguing that the condition was unconstitutional because it improperly delegated judicial authority to the probation officer. (*Ibid.*)

The *Smith* court agreed that the condition improperly delegated to probation the discretion to decide whether the defendant must attend residential treatment. (*Smith, supra*, 79 Cal.App.5th at p. 901.) "A residential program can impose far greater burdens

4

on a person's liberty interests than an outpatient program. . . . Unlike outpatients, participants in residential programs may be confined to the treatment facility for the duration of the program, separated from family and friends, and unable to maintain a job. [Citations.]" (*Id.* at p. 903.) Given the "significant liberty interests at stake," *Smith* held that a court, not probation, must decide whether to require a defendant to attend residential treatment. (*Ibid.*)

However, the *Smith* court recognized a significant distinction between express language authorizing probation to require residential treatment at its discretion, and more general language authorizing substance abuse treatment as directed by probation. After concluding that the challenged treatment condition was an improper delegation of judicial authority, the *Smith* court did not invalidate the condition in its entirety but remanded the matter to the trial court with instructions to either "strike the words 'including residential' or to specify that the court requires [defendant to] undergo residential treatment." (*Smith, supra,* 79 Cal.App.5th at p. 905.) *Smith* thus makes clear that the constitutionally offensive directive is not the broader requirement that the defendant participate in treatment as directed by probation, but rather, the specific inclusion of language authorizing possible residential treatment at the probation officer's direction. Condition No. 10 does not expressly provide for residential treatment. The question is whether we must construe the condition to nevertheless include this possibility.

*United States v. Mike* (10th Cir. 2011) 632 F.3d 686 (*Mike*) is instructive to us on this issue. In *Mike*, the defendant pled guilty to assault and was sentenced to imprisonment followed by 3 years of supervised release. (*Id.* at p. 690.) Because the defendant had previously been convicted of a sex offense, the trial court ordered him to "begin participating in sex offender treatment . . . as directed by the probation officer." (*Ibid.*) The defendant appealed, arguing that this condition "improperly delegate[d] to the probation officer the discretion to decide whether he will be subject to inpatient treatment." (*Id*. at p. 695.) The court noted that the challenged condition did not

5

"explicitly state that the probation officer has the discretion to force [defendant] to participate in residential treatment," but recognized that "due to its open-ended language, the condition could be read to delegate such discretion." (*Id.* at p. 696.) Nonetheless, the court did not reverse the judgment. "When reviewing challenges to non-specific, all-encompassing conditions like the one here, other courts have opted to construe them in a manner that does not make them infirm." (*Ibid.*) "We believe this approach is best, as we see no reason to require 'district courts to include language eliminating all potential forms of treatment not contemplated at the time of sentencing.' [Citation.]" (*Ibid.*) Construing the condition as not delegating to probation the authority to decide whether to subject the defendant to inpatient sex offender treatment, the *Mike* court concluded that the district court did not improperly delegate authority and rejected the defendant's constitutional challenge. (*Ibid.*)

The condition the trial court imposed here does not expressly authorize the probation officer to decide whether to require defendant to undergo inpatient treatment as in *Smith*. Rather it more generally requires Case to "enter and complete a substance abuse treatment program as directed by Probation." This is analogous to the condition upheld in *Mike*, which similarly required defendant to "begin participating in sex offender treatment . . . as directed by the probation officer." (*Mike, supra*, 632 F.3d at p. 690.)

While we recognize that the condition imposed in this case is sufficiently "non-specific" and "all encompassing" to be read more broadly, as in *Mike*, we elect to construe the language to eliminate the possible infirmity. (See *Mike, supra*, 632 F.3d at p. 696 [construing sex offender treatment condition as not authorizing inpatient treatment].) Our review of the record indicates that when imposing Condition No. 10, the trial court did not contemplate delegating to probation the authority to decide whether to subject Case to inpatient treatment. We also see no reason to require the court to include

6

language eliminating all potential forms of treatment not contemplated at the time of sentencing.

For these reasons, we construe Condition No. 10 as not authorizing the probation department to direct Case into residential treatment. On this basis, we conclude that the condition is not an improper delegation of judicial authority.

## C. *Condition No. 10 Is Not Vague or Overbroad*

Having concluded that Condition No. 10 does not give probation the authority to require Case to undergo residential treatment, we turn to Case's remaining constitutional challenges: vagueness and overbreadth. Case argues that Condition No. 10 is "vague because it did not provide the probation officer sufficient guidance as to what the court expected."

"To survive a vagueness challenge, a probation condition must be precise enough to provide the probationer with notice of what is required or prohibited and allow the court to ascertain whether the probationer has violated its terms. [Citations.]" (*Smith, supra*, 79 Cal.App.5th at pp. 901-902.) "When construing probation conditions, we consider their context and we use common sense. [Citation.]" (*Id.* at p. 902.) "Where the trial court has made oral or written comments clarifying the probation condition, we may consider those comments in determining whether a challenged condition is unconstitutionally vague." (*Ibid.*) A probation condition should not be invalidated as unconstitutionally vague " ' " ' if any reasonable and practical construction can be given to its language' " ' " or its terms may be made reasonably certain by reference to ' " ' " 'other definable sources.' " ' " ' [Citation.]" (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129 (*Rhinehart*).)

In *Smith*, the court concluded that a probation condition that required the defendant to attend unspecified "treatment, counseling or therapy" programs was not unconstitutionally vague because the accompanying assessment condition and the trial court's oral comments made clear that the contemplated treatment pertained to substance

7

abuse.  (*Smith, supra*, 79 Cal.App.5th at pp. 902-903.)  In *Rhinehart*, the court concluded that a probation condition that required the defendant to "be of good conduct" was not unconstitutionally vague when interpreted with its conjunctive phrase " 'and obey all laws.' "  (*Rhinehart, supra*, 20 Cal.App.5th at p. 1129.)  Here, we conclude that Condition No. 10 provides sufficient notice to Case as to what is expected of him–specifically, that he must "enter and complete a substance abuse treatment program as directed by Probation."  Such a program, as we have held above, is limited to outpatient treatment.  Condition No. 10 is not unconstitutionally vague.

Case next argues that Condition No. 10 is overbroad because it provides for the possibility of residential treatment.  According to Case, "the court determined that additional time in custody was unwarranted for [Case's] rehabilitation and yet the order was so broad that it provided the possibility for this in the form of a residential program, impinging on appellant's right to liberty."  Because we have already concluded that Condition No. 10 does not provide for the possibility of residential treatment, we reject this overbreadth argument.

### D. Condition No. 10 is Reasonable under Lent

Finally, Case argues that Condition No. 10 is unreasonable under the three-part test set forth in *Lent*.  Under *Lent*, a probation condition will not be invalidated unless (1) it has no relationship to the crime of which the offender was convicted; (2) it relates to conduct which is not in itself criminal; and (3) it requires or forbids conduct that is not reasonably related to future criminality.  (*Lent, supra*, 15 Cal.3d at p. 486; *People v. Bryant* (2019) 42 Cal.App.5th 839, 850 [applying *Lent* to mandatory supervision conditions].)  "This test is conjunctive–all three prongs must be satisfied before a reviewing court will invalidate a probation term.  [Citations.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379; accord *People v. Appleton* (2016) 245 Cal.App.4th 717, 723.)  The third prong, relating to future criminality, " 'contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served

8

by the condition.' [Citation.]" (*Castellanos, supra*, 51 Cal.App.5th at p. 275.) This prong " 'requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality.' [Citation.]" (*Ibid*.)

The trial court found, based on its experience, that "lots of theft is based on the need to furnish money for a drug habit." The court further noted that both the items stolen by Case, and their value, provided evidence that he did not steal them for personal use. The probation report emphasized that Case's criminal history contained several drug related offenses, including narcotics use, narcotics possession, possession of paraphernalia, and the possession of narcotics for sale. In the underlying complaint, Case was charged with two prior convictions for possessing narcotics for sale. At sentencing, the prosecutor highlighted the fact that Case had "numerous prior convictions for drug sales and drug use," as well as "arrests after this crime was committed in 2020 in Monterey County for drug possession."

Under these circumstances, the trial court determined that a mandatory supervision condition requiring substance abuse treatment would be beneficial to Case's rehabilitation. We cannot say that this determination was arbitrary or capricious because the treatment condition reasonably related to preventing Case's future criminality. (*Malago, supra*, 8 Cal.App.5th at p. 1307 [drug conditions reasonably related to rehabilitation and successful completion of probation based on defendant's past use of narcotics and alcohol].) The condition was designed to support Case's sobriety by providing treatment and facilitating Case's rehabilitation, and also to eliminate his incentive to commit thefts to support his drug use. Given the multiple narcotics convictions Case had sustained and the terms of imprisonment he served for the offenses, the relationship of the treatment condition to the prevention of his future criminality was more than abstract or hypothetical, and the burden the condition imposed was reasonably proportionate to the legitimate interest it served–namely, the interest of rehabilitation.

9

We perceive no abuse of discretion in the trial court's decision to impose Condition No. 10.

### III. DISPOSITION

The judgment is affirmed.